FILED

2004 FEB 17 P 2: 39

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LYDIA MELE | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02CV1371 (AVC) |
| v. | : | |
| | : | |
| HARTFORD PUBLIC SCHOOLS, | : | |
| AND THE BOARD OF TRUSTEES | : | |
| FOR THE HARTFORD PUBLIC | : | |
| SCHOOLS, | : | |
| Defendants. | : | FEBRUARY 13, 2004 |
| | : | |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants answer the numbered paragraph of the complaint as follows:

## COUNT I

Paragraph 1:   Defendants can neither admit nor deny the allegations in this paragraph and leave plaintiff to her proof.

Paragraph 2:   Defendants admit that the Hartford Public Schools ("HPS") is the name of the Hartford school district and maintains a principal place of business at 960 Main Street (f/k/a 153 Market Street), Hartford, Ct. 06103. The State Board of Trustees for the Hartford Public Schools ("State Board") no longer exists. Any remaining allegations are denied.

Paragraph 3:   Defendants admit that the plaintiff was employed as a guidance counselor at various times mentioned in the complaint by either the Hartford Board of Education or the State Board. All remaining allegations are denied.

Paragraph 4:   Admit.

Paragraph 5:   Defendants admit that plaintiff urges the court to exercise supplemental jurisdiction over her state law claims.

Paragraph 6:    Defendants admit that plaintiff has been employed since September 1, 1972 and that she has had, during the course of her employment, various infirmities requiring medical treatment. As to the remaining allegations in this paragraph, defendants leave plaintiff to her proof.

Paragraph 7:    Defendants admit plaintiff has had various infirmities during the course of her employment. As to the remaining allegations in this paragraph, defendants leave plaintiff to her proof.

Paragraph 8:    Deny.

Paragraph 9:    Defendants admit that plaintiff has provided doctor's reports and notes about a variety of conditions requiring medical treatment. As to the remaining allegations in this paragraph, defendants leave plaintiff to her proof.

Paragraphs 10 – 13:    Deny.

Paragraph 14:    Defendants admit that plaintiff was employed as a guidance counselor in the HTLA and was subject to various restrictions by her doctor. Any remaining allegations are denied.

Paragraph 15:    Defendants admit that they could not provide light duty work within plaintiff's restrictions. Deny the remaining allegations in this paragraph.

Paragraph 16:    Admit.

Paragraph 17:    Defendants admit that plaintiff was provided with an elevator key and clerical assistance. As to the remaining allegations in this paragraph, defendants leave plaintiff to her proof.

Paragraph 18:    Deny.

Paragraph 19:    Admit.

Paragraph 20:    Defendants admit that the school needed to utilize plaintiff's office during her six month absence and that they packed up her belongings. Admit that plaintiff was released to return to work with walking and standing restrictions on June 19, 2000. Any remaining allegations are denied.

Paragraph 21: Admit.

Paragraph 22: Defendants admit that they knew plaintiff had hand surgery. Defendants further admit that the school needed to utilize plaintiff's office while she was out. As to the remaining allegations in this paragraph, defendants leave plaintiff to her proof.

Paragraph 23: Defendants admit that one treating physician returned plaintiff to work as described in the allegations in this paragraph. Admit that other treating physicians imposed lifting and packing restrictions. As to any remaining allegations, plaintiff is left to her proof.

Paragraph 24: Deny that defendants refused to accept plaintiff back to work with limitations. Admit that plaintiff was involuntarily transferred to Fox Middle School. As to the remaining allegations in this paragraph, defendants leave plaintiff to her proof.

Paragraph 25: Admit.

Paragraph 26: Admit that plaintiff requested a lumbar support chair and that defendants supplied one. As to the remaining allegation, defendants leave plaintiff to her proof.

Paragraph 27: Defendants can neither admit nor deny the allegations in this paragraph and leaves plaintiff to her proof thereof.

Paragraph 28: Admit that plaintiff requested custodial assistance. As to the remaining allegations, defendants leave plaintiff to her proof.

Paragraph 29: Deny.

Paragraph 30: Admit.

Paragraph 31: Admit that in a letter dated September 21, 2000, the defendants stated that plaintiff's restrictions may be an impediment to her return to work, but it was investigating her condition further, considering options and unable to return

plaintiff to work until such tasks were completed.  Deny the remaining allegations in this paragraph.

Paragraph 32:  Defendants can neither admit nor deny the allegations in this paragraph and leave plaintiff to her proof.

Paragraph 33:  Admit that plaintiff returned to work and was provided a scooter, which did not prove to be to her liking.  Deny the remaining allegations in this paragraph.

Paragraph 34:  Admit that defendants assigned plaintiff an available handicapped parking spot.  As to the remaining allegations in this paragraph, defendants leave plaintiff to her proof.

Paragraph 35 – 36:     Deny.

**COUNT II**

Paragraph 37:  Admit.

Paragraph 38:  Admit that the Adult Education facility has one floor and that there is handicapped parking available.  As to the remaining allegations in this paragraph, plaintiff is left to her proof.

Paragraph 39:  Because the allegations in this paragraph require a legal conclusion, no response is necessary.

Paragraph 40:  Admit that plaintiff submitted a bid for the available position.  Deny that a "transfer" was required, or even an available option under prevailing contractual and operational restrictions.

Paragraph 41:  Defendants admit that plaintiff was not selected for the position.  Deny the remaining allegations in this paragraph.

Paragraphs 42-43:     Deny.

Any allegations not specifically admitted are denied.

## **AFFIRMATIVE DEFENSES**

1.    Plaintiff was unable to perform the essential elements of her position with or without a reasonable accommodation.

2.    Defendants made good faith efforts to reasonably accommodate plaintiff.

3.    Defendants reasonably accommodated plaintiff.

4.    The State Board of Trustee for the Hartford Public Schools is entitled to sovereign immunity under the Eleventh Amendment of the United States Constitution.

5.    Plaintiff has failed to state a claim upon which relief can be granted.

6.    Plaintiff has failed to properly mitigate her damages.

DEFENDANTS
HARTFORD PUBLIC SCHOOLS AND THE
BOARD OF TRUSTEES FOR THE HARTFORD
PUBLIC SCHOOLS,

By _____

Joseph W. McQuade
Federal Bar No. ct12121
Diana Garfield
Federal Bar No. 05551
Kainen, Escalera & McHale, P.C.
21 Oak Street
Hartford, CT  06106
Telephone (860) 493-0870
Facsimile (860) 493-0871
jmcquade@kemlaw.com
Their Attorneys

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing Defendant's Answer to Complaint was

sent via first class U.S. mail on this 13th day of February, 2004 to:


John-Henry M. Steele, Esq.
35 Louis Road
Middlefield, CT  06455-1108

_____
Diana Garfield


10713