**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **LYDIA MELE** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION NO.** |
| **v.** | : | **3:02CV1371 (AVC)** |
| | : | |
| **HARTFORD PUBLIC SCHOOLS,** | : | |
| **AND THE BOARD OF TRUSTEES** | : | **October 29, 2004** |
| **FOR THE HARTFORD PUBLIC** | : | |
| **SCHOOLS,** | : | |
| | : | |
| **Defendants.** | : | |

## JOINT TRIAL MEMORANDUM

In accordance with the District Court's Standing Order regarding Trial Memoranda in

Civil Cases and the Court's Pretrial Order dated September 15, 2004, the parties hereby submit

their Joint Trial Memorandum.

1.    **Trial Counsel**

For the Plaintiff:          John-Henry M. Steele
                                    35 Louis Road
                                    Middlefield, CT  0645
                                    Tel. No. (860) 349-4448

For the Defendants:          Joseph W. McQuade
                             Diana Garfield
                             Kainen, Escalera & McHale, P.C.
                             21 Oak Street, Suite 601
                             Hartford, CT  06106
                             Tel. No. (860) 493-0870

2.      **Jurisdiction**

Federal jurisdiction is based on the Americans with Disabilities Act, 42 U.S.C.

§12101 et seq.  There are also pendant state law claims based on Connecticut General

Statutes Section 46a-60 (Connecticut Fair Employment Practices Act).

3.      **Jury/Non-Jury**

Plaintiff has elected a trial by jury.

4.      **Length of Trial**

The parties estimate that this trial will take eight (8) trial days.

5.      **Further Proceedings**

The parties request a settlement conference with Magistrate Smith.  The parties

have exchanged settlement offers and could benefit from a mediation session to attempt

to resolve remaining issues.

The defendants will ask the Court to define the temporal parameters of evidence

in this case.  The plaintiff presents allegations and proposes exhibits in this trial

memorandum that cannot be the basis for relief because they would be barred by the

statute of limitations.  Defendants have proposed exhibits relating to these time periods in the event that the Court permits their inclusion in the case.

6.     **Nature of Case**

     Statement of the Nature of the Case by Plaintiff:

          Lydia Mele began working for the Defendant school system on September 1, 1972.  During her working career, Ms. Mele sustained a variety of work-related injuries.

     In 1988, Ms. Mele injured her right foot and ankle breaking up a fight.  Although her office was on the third floor, she was denied the use of the elevator, which forced her to climb up and down the stairs, exacerbating her pain, discomfort and injuries.

     In 1994 she requested but did not receive accommodations relative to her injuries.  Consequently, she had to take an unpaid leave of absence for the 1995-1996 school year.

       In January 1999, Ms. Mele was placed on modified duty by her doctor with restrictions on walking and standing of not more than one hour in an eight hour shift.  The defendant refused to accommodate these restrictions and sent Ms. Mele home.  She did not return to work until September 1999, again with the same

limitations, and requested an elevator key and clerical assistance. The defendant delayed for more than 2 months before giving her an elevator key, and provided an inadequate amount of clerical assistance, which exacerbated Ms. Mele's injuries.

In December 1999, Ms. Mele underwent surgery in an attempt to correct work-related injuries. While she was recovering from surgery, the defendant dismantled her office and packed her belongings.

On May 1, 2000, Ms. Mele had hand surgery, which the defendant knew about. Three (3) days after her hand surgery, the defendant informed her that she needed to come to work and clean out her office. The defendant offered no assistance in performing this task, though she had undergone hand surgery three days earlier.

On June 19, 2000, Ms. Mele was released to work by her treating physician with the instruction that she perform sedentary work with less than thirty (30) minutes standing or walking. The defendant refused to accept her back to work and, instead, involuntarily transferred her from her position at the Hartford Transitional Learning Academy ("HTLA") to Fox Middle School, a placement that required more standing or walking than her former job at HTLA.

Before reporting to Fox Middle School for the start of the 2000-2001 school year, Ms. Mele requested a lumbar support chair as a reasonable accommodation for her disabilities. She was provided such a chair two (2) years later.

When she reported to work at Fox Middle School, she found she had been assigned an office that was in disarray and appeared to be used as a storage area. Ms. Mele requested some custodial help to clear out the office and make it useable, but that assistance was never provided.

On September 14, 2000, rather than accommodate her restrictions on sitting and standing, the defendant sent her home. Although her doctor cleared her for work with a limitation of not more than 3 hours walking and standing in an 8 hour day, the defendant refused to accept her back at work. Two weeks later, the defendants cancelled Ms. Mele's pay.

Three weeks later, the defendant accepted her back at work and provided her with a malfunctioning scooter. They also assigned her to a handicapped parking spot that she had to share with another vehicle.

In December 2000, a position became available in the Adult Education facility. Ms. Mele requested a transfer to this facility as a reasonable accommodation. The facility was located on one floor, and there was adequate handicapped parking

available. Despite being qualified for this position, and despite requesting a transfer to this facility as a reasonable accommodation, Ms. Mele's transfer request was denied.

The Defendant's repeated failures to accommodate Ms. Mele's reasonable accommodations evidences a pattern of intentional discrimination. Furthermore, the failures to accommodate have exacerbated her physical disabilities and have caused her emotional distress.

Statement of the Nature of the Case by Defendants:

Plaintiff's statement of the nature of the case contains selective and inaccurate facts from her long employment history. She also presents allegations that cannot be the basis of relief because they would be barred by the statute of limitations. The defendants deny that they have discriminated, failed to reasonably accommodate or retaliated against plaintiff because of her infirmities. Plaintiff remains defendants' employee but has been unable to work since 2002 because of her various conditions, for which she has been receiving workers' compensation payments as provided by law. Plaintiff has also received 52 weeks of salary continuation as provided by her collective bargaining agreement.

7.     **<u>Trial By Magistrate Judge</u>**

Magistrate Judge Thomas P. Smith has conducted a settlement proceeding in this case and is, therefore, ineligible to preside at trial.

8.  **List of Witnesses**

Plaintiff's List of Witnesses is located at Tab A.

Defendant's List of Witnesses is located at Tab B.

9.  **Exhibits**

Plaintiff's List of Exhibits is located at Tab C.

Defendant's List of Exhibits is located at Tab D.

10.  **Stipulations of Uncontroverted Facts**

None.

11.  **Proposed Voir Dire Questions**

Plaintiff's proposed voir dire questions are located at Tab E.

Defendant's proposed voir dire questions are located at Tab F.

12.  **Proposed Jury Instructions**

Plaintiff's proposed jury instructions are located at Tab G.

Defendant's proposed jury instructions are located at Tab H.

13.  **Opening Statements**

The parties request the opportunity to make opening statements.

Respectfully submitted,

PLAINTIFF
LYDIA MELE


By_____
      John-Henry M. Steele
      Federal Bar No.  ct10187
      35 Louis Road
      Middlefield, CT  06455
      Telephone No. 860-349-4448
      Facsimile No. 860-349-2484
      jhmsteele@worldnet.att.net
      Her Attorney

DEFENDANTS
HARTFORD PUBLIC SCHOOLS AND THE
BOARD OF TRUSTEES FOR THE HARTFORD
PUBLIC SCHOOLS,


By_____
      Joseph W. McQuade
      Federal Bar No. ct12121
      Diana Garfield
      Federal Bar No. 05551
      Kainen, Escalera & McHale, P.C.
      21 Oak Street
      Hartford, CT  06106
      Telephone (860) 493-0870
      Facsimile (860) 493-0871
      jmcquade@kemlaw.com
      Their Attorneys

15513