## PLAINTIFF'S LIST OF WITNESSES

1.      Lydia Mele, 233 Ellington Road, East Hartford, CT 06109.  It is expected Ms. Mele will testify about her work history and experiences at the defendant, Hartford Public Schools, as well as her professional background, training, experiences and degrees.  It is further expected Ms. Mele will testify as to her injuries and disabilities as they developed and in certain cases worsened over time.  It is further expected she will testify as to the nature of the accommodations she requested and the difficulties she encountered in getting the defendant to reasonably accommodate those difficulties.  It is further expected she will testify about the discrimination she feels she was subjected to as well as the emotional distress she feels she has suffered because of the defendant continued discriminatory conduct directed at her because of her physical disabilities.

2.      Michael S. Aronow, M.D., UCONN Medical Group, University Orthopedic Associates, 10 Taocltt Notch, P.O. Box 4037, Farmington, CT 06034-4038.  Dr. Aronow was Ms. Mele's treating physician for foot and ankle injuries.  It is expected that if called Dr. Aronow will testify that Ms. Mele's foot and ankle injuries date back to work-related injuries of 1983 and 1985.  Because of her right foot and ankle injuries, he performed arthroscopic debridement surgery on December 13, 1999.  To aid in her recovery, he prescribed a limitation on Ms. Mele's walking and standing.  If Ms. Mele was required to stand or walk in excess of his instructions, than it is likely doing so would exacerbate her injuries.

3.      Gerald J. Becker, M.D., Orthopedic Assoc. of Hartford, P.C., 85 Seymour Street, Suite 607, Hartford, CT 06106.  Dr. Becker treated Ms. Mele for work-related spinal injuries (neck, thoracic & lumbar) dating back to 1989.  It is expected that if called Dr. Becker will identify and quantify the injuries to Ms. Mele's spine.  It is further expected Dr. Becker will testify that he prescribed a lumbar chair and scooter with a high back to provide additional support for her spine, and that if these items were not provided in a timely manner, that could exacerbate the injuries to her spine.

4.      John C. Grady-Benson, M.D., Orthopedic Assoc. of Hartford, P.C., 85 Seymour Street, Suite 607, Hartford, CT 06106.  Dr. Grady-Benson treated Ms. Mele for injuries to her right hip (trochanteric bursitis, early degenerative arthrosis, iliopsoas tendonitis, and abductor tendinosis).  It is expected that if called, Dr. Grady-Benson would testify that Ms. Mele's abnormal gait is a substantial factor in the development of her hip injuries, and that her abnormal gait is more likely than not a result of injuries to her knees, right ankle and right foot.

5.      Richard M. Linburg, M.D., Orthopedic Assoc. of Hartford, P.C., 85 Seymour Street, Suite 607, Hartford, CT 06106.  Dr. Lindburg has been Ms. Mele's treating physician for problems with her right hand and wrist dating back to May 1998.  It is expected that if called Dr. Linburg will testify that he performed surgery on May 1, 2000, to correct the de   Quarvain's disease ad Keinbock's disease in Ms. Mele's right wrist and hand.  It is further expected that Dr. Lindburg will testify that Ms. Mele's packing and moving her office without

assistance was a substantial factor in contributing to the development of de Quervain's disease and Keinbock's disease.

6.     Gordon A. Zimmerman, M.D., Orthopedic Assoc. of Hartford, P.C., 85 Seymour Street, Suite 607, Hartford, CT 06106.  Dr. Zimmerman is Ms. Mele's treating physician for injuries that Ms. Mele received to her knees and shoulders.  If called, it is expected Dr. Zimmerman would testify that if Ms. Mele was required to engage in activities such as standing, stair climbing or walking at work in excess of his instructions, these activities would likely exacerbate and contribute to the deterioration of her condition and onset of injuries and disabilities to her knees and shoulders.

7.     Sister Francis Randall, 9 Plano Place, Manchester, CT, 06040.  If called, it is expected Sister Randall will testify as to the emotional distress Ms. Mele was subjected to, that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm.  If called, it is further expected that Sister Randall will testify that that the defendant knew or should have known that emotional distress was the likely result of its conduct; that its conduct was extreme and outrageous; that the defendant's conduct was the cause of the plaintiff's distress; and that the emotional distress sustained by the plaintiff was severe.  It is further expected Sister Randall will testify that the defendant's conduct should be regarded as utterly intolerable in a civilized community.