# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LYDIA MELE** | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:02CV1371 (AVC)** |
| **v.** | : | |
| | : | |
| **HARTFORD PUBLIC SCHOOLS,** | : | |
| **AND THE BOARD OF TRUSTEES** | : | |
| **FOR THE HARTFORD PUBLIC** | : | |
| **SCHOOLS,** | : | |
| **Defendants.** | : | |

## <u>DEFNDANT'S VOIR DIRE QUESTIONS</u>

1.    Do you or any member of your family know Ms. Lydia Mele, any member of Ms. Mele's family, or anyone who has ever worked with her or been associated with her? If so, please describe the circumstances.

2.    Do you or any member of your family, know or have you had dealings with any of the following persons or law firms or with their immediate respective families? If so, please describe the circumstances.

Attorney John-Henry Steele

Attorney Joseph W. McQuade

Attorney Diana Garfield

The law firm of Kainen, Escalera & McHale, P.C., in Hartford

3.    Do you or any members of your family believe that they have been treated unfairly because of a physical or mental condition.  If so, please explain the circumstances. What action did you or your family member take?  Were you or your family member satisfied with the results?

4.    Have you, or any member of your family or any of your friends, ever been employed by the City of Hartford?  If so, in what department and in what position?  For how long?  Did such employment end?  If so, how or under what circumstances?

5.    Have you, or any member of your family or any of your friends, ever applied to work for the City of Hartford?  If you or your family member or friend were not hired, why not?

6.    Do you, or any member of your family or your friends, know or have dealings with employees of the City of Hartford?

7.    Have you, or any member of your family or any of your friends, ever been employed by a municipality?  If so, please state which municipality, the number of years of employment, the position and department in which you, your family member or friend were employed, whether you, your family member or friend are still employed there and, if applicable, the reasons that you, your family member or friend are no longer employed there.

8.      Have you, or any member of your family or any of your friends, ever been employed by the Hartford Public Schools?  If so, in what department and in what position?  For how long?  Did such employment end?  If so, how or under what circumstances?

9.      Have you, or any member of your family or any of your friends, ever applied to work for the Hartford Public Schools?  If you or your family member or friend were not hired, why not?

10.     Do you, or any member of your family or your friends, know or have dealings with employees of the Hartford Public Schools?

11.     Have you, or any member of your family or any of your friends, ever been employed by a school system?  If so, please state which school system, the number of years of employment, the position and department in which you, your family member or friend were employed, whether you, your family member or friend are still employed there and, if applicable, the reasons that you, your family member or friend are no longer employed there.

12.     Have you read or heard anything about this case prior to today or had any knowledge about it?  If so, please explain.

13.     Have you heard anything about the City of Hartford's employment practices?  If so, what have you heard or read?  Do you think that what you have heard or read will affect your ability to hear and impartially decide this case, based solely on the evidence presented here in court.

14. Have you heard anything about the Hartford Public Schools' employment practices. If so, what have you heard or read? Do you think that what you have heard or read will affect your ability to hear and impartially decide this case, based solely on the evidence presented here in court.

15. Have you heard or read anything about _____? If so, what have you heard or read? Do you think that what you have read or heard will affect your ability to hear and impartially decide this case based solely on the evidence presented here in court?

16. Have you heard or read anything about _____ or the Hartford Public Schools' Personnel Department? If so, what have you heard or read? Do you think that what you have heard or read will affect your ability to hear and impartially decide this case based solely on the evidence presented here in court?

17. Have you formed any opinions about the Hartford Public Schools? If so, what are those opinions? Do you think that those opinions will affect your ability to hear and impartially decide this case based solely on the evidence presented here in court?

18. Have you ever employed other people? If so, explain the circumstances.

19. Have you ever been involved in personnel, human resources or employee relations work? If so, explain.

20. Do you have any strong personal feelings about public schools? If so, explain.

21.     Do you have any strong personal feelings about the Hartford Public Schools?  If so, explain.

22.     Do you have any strong personal feelings about school employees or administrators?  If so, explain.

23.     Do you have any strong personal feelings about municipal employees or administrators?  If so, explain.

24.     Do you believe that you could treat a municipality or school system with the same fairness that you could treat an individual?  If not, why not?

25.     Have you or any member of your family or your friends ever felt discriminated against or treated unfairly because of race, sex, age, color, disability, national origin or sexual orientation?  If so, please explain the circumstances.  What action, if any, did you, your family member or close friend take?  What was the result of that action?  Were you, your family member or your friend satisfied with the results?

26.     Have you, any of your family members or friends ever been involved in a lawsuit either as a plaintiff, defendant or witness?  If so, what type of case was it and what was your or their involvement?  What was the result?  Were you or they satisfied with the result? Explain.

27.     Have you, any member of your family or friends, ever filed charges or claims of employment discrimination with any governmental agency?  If so, what type of claim was it?  What was the outcome?  Was the result satisfactory?

28.     Has any member of the panel served on a jury before?  If so, please provide the details regarding the nature of the case and the result in the case.

29.     Do you believe that if somebody sues a municipality or school system, he or she should get at least something for having brought the lawsuit?

30.     Do you believe that, regardless of fault, the party with the greater resources, that is deep pockets and greater ability to pay, should do so?

31.     Do you have any preconceived notions about disability discrimination claims.

32.     Do you have any feelings or beliefs that would cause you to favor the testimony of an employee over the testimony of a supervisor?

33.     Have you, any member of your family or close friends ever been a member of or active in any group that advocates for the preservation or advancement of civil liberties?  What is the name of such organization and what is the nature of such involvement?

34.     Have you, any member of your family or close friends ever been in therapy for any reason, including emotional problems related to any employment?  If so, explain.

DEFENDANTS,
HARTFORD PUBLIC SCHOOLS AND
BOARD OF TRUSTEES FOR THE
HARTFORD PUBLIC SCHOOLS


By_____

    Joseph W. McQuade
    Federal Bar No. ct12121
    Diana Garfield
    Federal Bar No. ct05551
    Kainen, Escalera & McHale, P.C.
    21 Oak Street, Suite 601
    Hartford, CT  06106
    (860) 493-0870 (telephone)
    (860) 493-0871 (fax)
    jmcquade@kemlaw.com
    dgarfield@kemlaw.com
    Their Attorneys

15496

7.     **List of Witnesses.**  There will be no expert witness testimony because no such experts were disclosed in accordance with Federal Rule of Civil Procedure 26(a)(2).

FACT WITNESSES:

**For Plaintiff**:

1.     **Bruno Mazzulla,** Director of Housing and Community Development, City of Hartford, 250 Constitution Plaza, Hartford, Connecticut.  Mr. Mazzulla will testify that he recommended the plaintiff be given the position of Assistant Director of Housing.

1.     **Evelyn Rivera,** Department of Housing and Community Development, City of Hartford, 250 Constitution Plaza, Hartford, Connecticut.  Ms. Rivera will testify regarding her knowledge of the plaintiff's experience in housing and his work ethic.

**Defendants' Objection:**     The Defendants object to the entirety of the proposed testimony of this witness.  The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue.  Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time.  Further, the evidence is irrelevant because this witness was not the ultimate decision maker as to the acting assignment.  Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of

Interrogatories and Requests for Production directed to Plaintiff. Thus, the proposed testimony should be excluded for a discovery violation.

2.      **Peter Blomstrom,** U.S. Department of Housing and Urban Development, Connecticut State Office, One Corporate Center, 19th Floor, Hartford, Connecticut. Mr. Blomstrom will testify regarding the plaintiff's knowledge in the field of Housing and Community Development.

**Defendants' Objection:**      The Defendants object to the entirety of the proposed testimony of this witness. The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue. Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time. Further, the evidence is irrelevant because this witness was not the ultimate decision maker as to the acting assignment. Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories and Requests for Production directed to Plaintiff. Thus, the proposed testimony should be excluded for a discovery violation.

3.     **Susan Atcheson,** Women's Development Corporation, 861-A Broad Street, Providence, Rhode Island.  Ms. Atcheson will testify as to the plaintiff's knowledge and experience regarding Housing and Community Development.

**Defendants' Objection:**     The Defendants object to the entirety of the proposed testimony of this witness.  The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue.  Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time.  Further, the evidence is irrelevant because this witness was not the ultimate decision maker as to the acting assignment.  Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories and Requests for Production directed to Plaintiff.  Thus, the proposed testimony should be excluded for a discovery violation.

4.     **Harvey Sinclair,** Hartford Economic Development Corporation, 11 Asylum Street, Suite 501, Hartford, Connecticut.  Mr. Sinclair will testify as to the plaintiff's knowledge and experience regarding Housing and Community Development.

**Defendants' Objection:**     The Defendants object to the entirety of the proposed testimony of this witness.  The question of whether plaintiff was more experienced in

the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue. Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time. Further, the evidence is irrelevant because this witness was not the ultimate decision maker as to the acting assignment. Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories and Requests for Production directed to Plaintiff. Thus, the proposed testimony should be excluded for a discovery violation.

5.      **Raymond Grasso,** 21 Stockade Circle, Wethersfield, Connecticut. Mr. Grasso will testify as to the plaintiff's knowledge and experience regarding Housing and Community Development.

**Defendants' Objection:**      The Defendants object to the entirety of the proposed testimony of this witness. The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue. Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time. Further, the evidence is irrelevant because this witness was not the ultimate decision maker as to the

acting assignment.  Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories and Requests for Production directed to Plaintiff.  Thus, the proposed testimony should be excluded for a discovery violation.

6.    **Madelyn Colon,** Connecticut State Treasurer, 55 Elm Street, Hartford, Connecticut Ms. Colon will testify as to the plaintiff's knowledge and experience regarding Housing and Community Development.

**Defendants' Objection:**    The Defendants object to the entirety of the proposed testimony of this witness.  The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue.  Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time.  Further, the evidence is irrelevant because this witness was not the ultimate decision maker as to the acting assignment.  Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories and Requests for Production directed to Plaintiff.  Thus, the proposed testimony should be excluded for a discovery violation.

7.     **Deborah Bush,** City of Hartford, Division of Management and Budget, Office of Grants Management, 550 Main Street, Room 108, Hartford, Connecticut.  Ms. Bush will testify as to the plaintiff's knowledge and experience regarding Housing and Community Development.

**Defendants' Objection:**     The Defendants object to the entirety of the proposed testimony of this witness.  The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue.  Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time.  Further, the evidence is irrelevant because this witness was not the ultimate decision maker as to the acting assignment.  Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories and Requests for Production directed to Plaintiff.  Thus, the proposed testimony should be excluded for a discovery violation.

8.      **Marian Eichner,** City of Hartford, Division of Management and Budget, Office of Grants Management, 550 Main Street, Room 108, Hartford, Connecticut.  Ms. Eichner will testify as to the plaintiff's knowledge and experience regarding Housing and Community Development.

> **Defendants' Objection:**      The Defendants object to the entirety of the proposed testimony of this witness.  The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue.  Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time.  Further, the evidence is irrelevant because this witness was not the ultimate decision maker as to the acting assignment.  Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories and Requests for Production directed to Plaintiff.  Thus, the proposed testimony should be excluded for a discovery violation.

9.      **James Arnold,** Citizens Bank, 825A Cromwell Avenue, Rocky Hill, Connecticut.  Mr. Arnold will testify as to the plaintiff's knowledge and experience regarding Housing and Community Development.

**Defendants' Objection:**    The Defendants object to the entirety of the proposed testimony of this witness.  The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue.  Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time.  Further, the evidence is irrelevant because this witness was not the ultimate decision maker as to the acting assignment.  Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories and Requests for Production directed to Plaintiff.  Thus, the proposed testimony should be excluded for a discovery violation.

10.    **Pam Hippolyte,** Peoples Bank, Super Stop & Shop, 1380 Berlin Turnpike, Wethersfield, Connecticut.  Ms. Hippolyte will testify as to the plaintiff's knowledge and experience regarding Housing and Community Development.

**Defendants' Objection:**    The Defendants object to the entirety of the proposed testimony of this witness.  The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue.  Therefore, evidence regarding plaintiff's

experience and work ethic is irrelevant to this case and would waste time. Further, the evidence is irrelevant because this witness was not the ultimate decision maker as to the acting assignment. Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories and Requests for Production directed to Plaintiff. Thus, the proposed testimony should be excluded for a discovery violation.

11.    **Sharon Gowan,** Fannie Mae, 207 Main Street, Hartford, Connecticut. Ms. Gowan will testify as to the plaintiff's credentials in housing and track record of program success.

**Defendants' Objection:**    The Defendants object to the entirety of the proposed testimony of this witness. The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue. Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time. Further, the evidence is irrelevant because this witness was not the ultimate decision maker as to the acting assignment. Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of

Interrogatories and Requests for Production directed to Plaintiff. Thus, the proposed testimony should be excluded for a discovery violation.

12. **Attorney William Breetz,** Connecticut Urban Legal Initiative, University of Connecticut School of Law, 35 Elizabeth Street, Room K202, Hartford, Connecticut. Mr. Breetz will testify as to the plaintiff's knowledge and experience regarding Housing and Community Development.

**Defendants' Objection:** The Defendants object to the entirety of the proposed testimony of this witness. The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue. Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time. Further, the evidence is irrelevant because this witness was not the ultimate decision maker as to the acting assignment. Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories and Requests for Production directed to Plaintiff. Thus, the proposed testimony should be excluded for a discovery violation.

13. **Thomas L. Phillips,** Capitol Region Workforce Development Board, 99 Pratt Street, 5th Floor, Hartford, Connecticut. Mr. Phillips will testify as the former Director of

Grants Administration to the plaintiff's high caliber of work and the fact that Gerry Forte was not qualified for her position.

**Defendants' Objection:**     To the extent that plaintiff offers this witness to testify concerning plaintiff's knowledge and experience in housing matters or the quality of his work as a Senior Project Manager, such testimony is irrelevant.  The Defendants object to the entirety of the proposed testimony of this witness.  The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue. Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time.  Further, this witness was not the ultimate decision maker as to the acting assignment, nor is there any evidence that he was consulted by Ms. Borges, in making her decision regarding the acting assignment.  Thus, his opinions regarding the relative merits of plaintiff and Ms. Forte are irrelevant and, at a minimum, any probative value of such testimony is clearly outweighed by the prejudice of such testimony.  Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories and Requests for Production directed to Plaintiff.  Thus, the proposed testimony should be excluded for a discovery violation.

14.    **Stephen Kastoff, M.D.,** 85 Seymour Street, Suite 719, Hartford, Connecticut. Dr. Kastoff will testify as to the tremendous effect the negative stress had on the plaintiff causing him to have a heart attack.

> **Defendants' Objection:**    This witness and his proposed testimony is the subject of Defendants' First Motion in Limine.  Plaintiff failed to disclose this witness as an expert witness, despite moving for several extensions of time in order to do so.  Because plaintiff failed to disclose this witness as an expert witness, this witness may not offer an opinion as to the causation of plaintiff's alleged heart attack.  Further, this witness does not purport to link plaintiff's alleged heart attack to the alleged discriminatory actions of the Defendants but, rather, attempts to link the alleged heart attack to stress at work.  The conclusions of this witness as to causation are subject to the <u>Daubert</u> standard, which the witness cannot meet.  Further, the proposed testimony is more prejudicial than probative and should be excluded on relevance grounds.

15.    **Ronald Josephson, M.D.,** 44 Dale Road, Avon, Connecticut.  Dr. Josephson will testify as to the effect the negative stress had on the plaintiff's health.

> **Defendants' Objection:**    This witness and his proposed testimony is the subject of Defendants' First Motion in Limine.  Plaintiff failed to disclose this witness as an expert witness, despite moving for several extensions of time in order to do so.  Because plaintiff failed to disclose this witness as an expert witness, this witness may not offer

an opinion as to the causation of plaintiff's alleged intestinal problems. Further, this witness does not purport to link plaintiff's alleged heart attack to the alleged discriminatory actions of the Defendants at all. Any conclusions of this witness as to causation are subject to the <u>Daubert</u> standard, which the witness cannot meet. Further, the proposed testimony is more prejudicial than probative and should be excluded on relevance grounds.

16.     **Ray Harasymiw,** 50 Crestview Drive, Newington, Connecticut. Mr. Harasymiw will testify as to the plaintiff's professional reputation and dedication to public service. He will also testify as Gerry Forte's inability to perform her job and lack of managerial skills.

**Defendants' Objection:**     To the extent that plaintiff offers this witness to testify concerning plaintiff's knowledge and experience in housing matters or the quality of his work or his reputation as a Senior Project Manager, such testimony is irrelevant. The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue. Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time. Further, the evidence is irrelevant because this witness was not the ultimate decision maker as to the acting

13

assignment.  Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories and Requests for Production directed to Plaintiff.  Thus, the proposed testimony should be excluded for a discovery violation.  To the extent that this witness formed an opinion as to Ms. Forte's "inability to perform her job and lack of managerial skills" prior to assuming the acting assignment, such opinions are irrelevant unless this witness expressed them to Ms. Borges prior to her making a decision on the acting assignment. Further, to the extent that this witness formed any opinions as to Ms. Forte's managerial skills or ability to do her job after Ms. Forte was selected for the acting assignment, such opinions are irrelevant as they could not possibly have impacted Ms. Borges' decision.

17.    **Daniel Merida,** Sheldon Oak Central, Inc., 54 South Prospect Street, Hartford, Connecticut.  Mr. Merida will testify as to the plaintiff's knowledge and experience regarding Housing and Community Development.

**Defendants' Objection:**        The Defendants object to the entirety of the proposed testimony of this witness.  The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue.  Therefore, evidence regarding plaintiff's

experience and work ethic is irrelevant to this case and would waste time. Further, the
evidence is irrelevant because this witness was not the ultimate decision maker as to the
acting assignment. Additionally, this witness was not disclosed in discovery and was
not disclosed in response to Interrogatory No. 1 of Defendants' First Set of
Interrogatories and Requests for Production directed to Plaintiff. Thus, the proposed
testimony should be excluded for a discovery violation.

18.    **Susan Dinardi,** 169 Valley Crest Drive, Rocky Hill, Connecticut. Ms. Dinardi
will testify as to the plaintiff's knowledge and experience regarding Housing and Community
Development.

**Defendants' Objection:**    The Defendants object to the entirety of the proposed
testimony of this witness. The question of whether plaintiff was more experienced in
the field of housing at the time that the selection was made is not in dispute in this case
because it was not a determinative factor in the Defendants' decision-making process
with respect to the acting assignment at issue. Therefore, evidence regarding plaintiff's
experience and work ethic is irrelevant to this case and would waste time. Further, the
evidence is irrelevant because this witness was not the ultimate decision maker as to the
acting assignment. Additionally, this witness was not disclosed in discovery and was
not disclosed in response to Interrogatory No. 1 of Defendants' First Set of

Interrogatories and Requests for Production directed to Plaintiff. Thus, the proposed testimony should be excluded for a discovery violation.

19.    **Frances Messina,** State of Connecticut, Department of Economic & Community Development, 900 Chapel Street, Suite 603, New Haven, Connecticut. Ms. Messina will testify as to the plaintiff's high degree of professionalism and knowledge and experience in the field of Housing and Community Development for the past 20 years.

**Defendants' Objection:**        The Defendants object to the entirety of the proposed testimony of this witness. The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue. Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time. Further, the evidence is irrelevant because this witness was not the ultimate decision maker as to the acting assignment. Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories and Requests for Production directed to Plaintiff. Thus, the proposed testimony should be excluded for a discovery violation.

20. **Paul Capra,** Hartford Housing Authority, 475 Flatbush Avenue, Hartford, Connecticut. Mr. Capra will testify as to the plaintiff's knowledge and experience regarding Housing and Community Development.

**Defendants' Objection:**     The Defendants object to the entirety of the proposed testimony of this witness. The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue. Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time. Further, the evidence is irrelevant because this witness was not the ultimate decision maker as to the acting assignment. Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories and Requests for Production directed to Plaintiff. Thus, the proposed testimony should be excluded for a discovery violation.

21. **Windella Battey,** 283 Collins Street, Hartford, Connecticut. Ms. Battey will testify as to the plaintiff's knowledge and experience regarding Housing and Community Development.

**Defendants' Objection:**     The Defendants object to the entirety of the proposed testimony of this witness. The question of whether plaintiff was more experienced in

the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue. Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time. Further, the evidence is irrelevant because this witness was not the ultimate decision maker as to the acting assignment. Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories and Requests for Production directed to Plaintiff. Thus, the proposed testimony should be excluded for a discovery violation.

22.     **Gina Hernandez,** City of Hartford, Department of Housing and Community Development, 250 Constitution Plaza, Hartford, Connecticut. Ms. Hernandez will testify as to the plaintiff's degree of professionalism, knowledge of the field of Housing and Community Development and that Gerry Forte was not capable as a Department head.

**Defendants' Objection:**     The Defendants object to the entirety of the proposed testimony of this witness. To the extent that plaintiff offers this witness to testify concerning plaintiff's knowledge and experience in housing matters or his degree of professionalism, such testimony is irrelevant. The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants'

decision-making process with respect to the acting assignment at issue.  Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time.  Further, this witness was not the ultimate decision maker as to the acting assignment, nor is there any evidence that she was consulted by Ms. Borges, in making her decision regarding the acting assignment.  Thus, her opinions regarding Ms. Forte's work performance are irrelevant and, at a minimum, any probative value of such testimony is clearly outweighed by the prejudice of such testimony.  Further, to the extent that this witness formed any opinions as to Ms. Forte's managerial skills or ability to do her job after Ms. Forte was selected for the acting assignment, such opinions are irrelevant as they could not possibly have impacted Ms. Borges' decision.  Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories and Requests for Production directed to Plaintiff.  Thus, the proposed testimony should be excluded for a discovery violation.

23.     **Yvonne Krosky,** City of Hartford, Department of Housing and Community Development, 250 Constitution Plaza, Hartford, Connecticut.  Ms. Krosky will testify as to the plaintiff's degree of professionalism, knowledge of the field of Housing and Community Development and that Gerry Forte was not capable as a Department head.

**Defendants' Objection:**      The Defendants object to the entirety of the proposed testimony of this witness.  To the extent that plaintiff offers this witness to testify concerning plaintiff's knowledge and experience in housing matters or his degree of professionalism, such testimony is irrelevant.  The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue.  Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time.  Further, this witness was not the ultimate decision maker as to the acting assignment, nor is there any evidence that she was consulted by Ms. Borges, in making her decision regarding the acting assignment.  Thus, her opinions regarding Ms. Forte's work performance are irrelevant and, at a minimum, any probative value of such testimony is clearly outweighed by the prejudice of such testimony.  Further, to the extent that this witness formed any opinions as to Ms. Forte's managerial skills or ability to do her job after Ms. Forte was selected for the acting assignment, such opinions are irrelevant as they could not possibly have impacted Ms. Borges' decision.  Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories and Requests

for Production directed to Plaintiff. Thus, the proposed testimony should be excluded for a discovery violation.

24.     **Drew Truncali,** City of Hartford, Department of Housing and Community Development, 250 Constitution Plaza, Hartford, Connecticut. Mr. Truncali will testify as to the plaintiff's degree of professionalism, knowledge of the field of Housing and Community Development and that Gerry Forte was not capable as a Department head.

**Defendants' Objection:**      The Defendants object to the entirety of the proposed testimony of this witness. To the extent that plaintiff offers this witness to testify concerning plaintiff's knowledge and experience in housing matters or his degree of professionalism, such testimony is irrelevant. The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue. Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time. Further, this witness was not the ultimate decision maker as to the acting assignment, nor is there any evidence that she was consulted by Ms. Borges, in making her decision regarding the acting assignment. Thus, her opinions regarding Ms. Forte's work performance are irrelevant and, at a minimum, any probative value of such testimony is clearly outweighed by the prejudice of such testimony. Further, to the

extent that this witness formed any opinions as to Ms. Forte's managerial skills or ability to do her job after Ms. Forte was selected for the acting assignment, such opinions are irrelevant as they could not possibly have impacted Ms. Borges' decision. Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories and Requests for Production directed to Plaintiff. Thus, the proposed testimony should be excluded for a discovery violation.

25.     **James Arnold,** Citizens Bank of Connecticut, 825-A Cromwell Avenue, Rocky Hill, Connecticut. Mr. Arnold will testify as to the plaintiff's knowledge and experience regarding Housing and Community Development.

**Defendants' Objection:**     The Defendants object to the entirety of the proposed testimony of this witness. The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue. Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time. Further, the evidence is irrelevant because this witness was not the ultimate decision maker as to the acting assignment. Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of

Interrogatories and Requests for Production directed to Plaintiff.  Thus, the proposed testimony should be excluded for a discovery violation.

26.     **Peter Privitera,** City of Hartford, Department of Finance, 550 Main Street, Hartford, Connecticut.  Mr. Privitera will testify as to the plaintiff's knowledge and experience regarding Housing and Community Development.

**Defendants' Objection:**     The Defendants object to the entirety of the proposed testimony of this witness.  The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue.  Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time.  Further, the evidence is irrelevant because this witness was not the ultimate decision maker as to the acting assignment.  Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories and Requests for Production directed to Plaintiff.  Thus, the proposed testimony should be excluded for a discovery violation.

27.     **Larry Labarbera,** City of Hartford, Tax Assessor, 550 Main Street, Hartford, Connecticut.  Mr. Labarbera will testify as to the plaintiff's knowledge and experience regarding Housing and Community Development.

**Defendants' Objection:**     The Defendants object to the entirety of the proposed testimony of this witness.  The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue.  Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time.  Further, the evidence is irrelevant because this witness was not the ultimate decision maker as to the acting assignment.  Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories and Requests for Production directed to Plaintiff.  Thus, the proposed testimony should be excluded for a discovery violation.

28.     **Betsy Della Cruz,** Christian Activities Council, 47 Vine Street, Hartford, Connecticut.  Ms. Della Cruz will testify as to the plaintiff's knowledge and experience regarding Housing and Community Development.

**Defendants' Objection:**     The Defendants object to the entirety of the proposed testimony of this witness.  The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue.  Therefore, evidence regarding plaintiff's

experience and work ethic is irrelevant to this case and would waste time.  Further, the

evidence is irrelevant because this witness was not the ultimate decision maker as to the

acting assignment.  Additionally, this witness was not disclosed in discovery and was

not disclosed in response to Interrogatory No. 1 of Defendants' First Set of

Interrogatories and Requests for Production directed to Plaintiff.  Thus, the proposed

testimony should be excluded for a discovery violation.

29.     **Cathy Mackinnon,** Mutual Housing Association of Greater Hartford, Inc., 864

Wethersfield Avenue, Hartford, Connecticut.  Ms. Mackinnon will testify as to the plaintiff's

knowledge and experience regarding Housing and Community Development.

**Defendants' Objection:**     The Defendants object to the entirety of the proposed

testimony of this witness.  The question of whether plaintiff was more experienced in

the field of housing at the time that the selection was made is not in dispute in this case

because it was not a determinative factor in the Defendants' decision-making process

with respect to the acting assignment at issue.  Therefore, evidence regarding plaintiff's

experience and work ethic is irrelevant to this case and would waste time.  Further, the

evidence is irrelevant because this witness was not the ultimate decision maker as to the

acting assignment.  Additionally, this witness was not disclosed in discovery and was

not disclosed in response to Interrogatory No. 1 of Defendants' First Set of

Interrogatories and Requests for Production directed to Plaintiff.  Thus, the proposed testimony should be excluded for a discovery violation.

30.     **Mary Kay Garrow,** Connecticut Housing Investment Fund, 121 Tremont Street, Hartford, Connecticut.  Ms. Garrow will testify as to the plaintiff's knowledge and experience regarding Housing and Community Development.

**Defendants' Objection:**        The Defendants object to the entirety of the proposed testimony of this witness.  The question of whether plaintiff was more experienced in the field of housing at the time that the selection was made is not in dispute in this case because it was not a determinative factor in the Defendants' decision-making process with respect to the acting assignment at issue.  Therefore, evidence regarding plaintiff's experience and work ethic is irrelevant to this case and would waste time.  Further, the evidence is irrelevant because this witness was not the ultimate decision maker as to the acting assignment.  Additionally, this witness was not disclosed in discovery and was not disclosed in response to Interrogatory No. 1 of Defendants' First Set of Interrogatories and Requests for Production directed to Plaintiff.  Thus, the proposed testimony should be excluded for a discovery violation.

**For Defendant**:

1.      **Saundra Kee Borges,** 140 Terry Road, Hartford, Connecticut.  Ms. Borges is expected to testify regarding her alleged actions and her thought process in selecting Ms. Forte for the acting assignment.  She is also expected to testify regarding her alleged interactions with plaintiff as well as her consultations with others regarding the Assistant Director of Housing position and the acting assignment.  She is also expected to testify regarding her compliance with the law and hiring record.  She may authenticate documents and testify regarding any damages and any allegations made in plaintiff's complaint or at trial.  Expected Duration of Testimony:  4 hours.

2.      **Patricia Washington,** Director of Personnel, Town of Glastonbury, Town Hall, 2155 Main Street, Glastonbury, Connecticut.  Ms. Washington is expected to testify regarding the City of Hartford's employment policies and procedures during the relevant time period; the fact that there was no opening in the Assistant Director of Housing position at the relevant time; and any involvement that she may have had during the process of selecting someone for the acting assignment.  She may also authenticate documents and testify regarding any such documents.  Expected Duration of Testimony:  3 hours.

3.      **Bruno Mazzulla,** Director of Housing and Community Development, c/o 550 Main Street, Hartford, Connecticut, 06103.  Mr. Mazzulla is expected to testify regarding his acceptance of an assignment to the City Manager's office to lead the property acquisition and disposition unit and his retention of the Assistant Director of Housing position in the classified

service.  He is also expected to testify regarding his promotion to the position of Director of Housing.  Expected Duration of Testimony:  2 hours.

4.     **Ralph Knighton,** U.S. Department of Housing, 20 Church Street, Hartford, Connecticut, 06103.  Mr. Knighton is expected to testify regarding his requirements for the acting assignment at issue, his needs as the Director of Housing and Community Development, his recommendation to Ms. Borges and his interactions with the plaintiff.  He is likely to testify regarding his assessment of plaintiff's management and budget abilities and his alleged interactions with plaintiff.  He may also authenticate documents and testify regarding such documents.  Expected Duration of Testimony:  3 hours.

5.     **Geraldine Forte,** Assistant Director of Housing, c/o City Hall, 550 Main Street, Hartford, Connecticut, 06103.  Ms. Forte is expected to testify regarding her educational background, her management experience and her budget experience.  She may also testify regarding her compensation during the relevant time period.  She may authenticate documents and testify regarding those documents.  Expected Duration of Testimony:  2 hours.

6.     **Mark Ronaldes,** Winsted, Connecticut.  The plaintiff is expected to testify regarding all elements of his remaining claims, his actions, his interactions with the Defendants and damages.  Expected Duration of Testimony:  1 day.

7.     **Elizabeth Dunn,** Acting Director of Personnel, 550 Main Street, Hartford, Connecticut.  Ms. Dunn is expected to testify regarding the policies and procedures of the City

of Hartford including, but not limited to, personnel policies and equal employment opportunity policies.  She is expected to testify regarding damages as well as the 2001 promotional opportunity for the position of Assistant Director of Housing.  She may also authenticate documents and testify regarding such documents.  Expected Duration of Testimony:  3 hours.

8.      **Madelyn Colon,** Office of the State Treasurer, 55 Elm Street, Hartford, Connecticut, 06106.  Ms. Colon is expected to testify regarding any involvement that she had in the process of the assignment of Geraldine Forte as the Acting Assistant Director of Housing. Expected Duration of Testimony:  1 hour.

9.      **Patricia Williams,** 2 Park Place, Hartford, Connecticut 06106.  Ms. Williams, the former Deputy City Manager, is expected to testify regarding her role or contribution, if any, to the decision on filling the acting assignment.  Expected Duration of Testimony:  1 hour.

10.     **Breeda Burchell,** Department of Personnel, 550 Main Street, Hartford, Connecticut.  Ms. Burchell is expected to testify regarding damages including, but not limited to, the differential between Ms. Forte's pay and plaintiff's pay during the relevant period.  She may authenticate documents and testify regarding such documents.  Expected Duration of Testimony:  2 hours.

11.     **Barry Halligan,** 324 Farmstead Road, Rocky Hill, Connecticut 06067.  Mr. Halligan, a former employee in the City's Personnel Department, is expected to testify regarding damages, particularly any difference in pay between what plaintiff was paid during

the relevant period and what Ms. Forte was paid in the acting assignment. He may authenticate documents and testify regarding such documents. Expected Duration of Testimony: 2 hours.

12. **Lorraine Shetensky,** 250 Constitution Plaza, Hartford, Connecticut. Ms. Shetensky is expected to testify regarding plaintiff's date of retirement, as well as damages. Expected Duration of Testimony: 2 hours.

13. **Peter Privitera,** Director of Management and Budget, 550 Main Street, Hartford, Connecticut. Mr. Privitera is expected to testify regarding his advancement in the City of Hartford under Ms. Borges. Expected Duration of Testimony: 10 minutes.

14. **John McGrane,** Director of Public Works, Town of Farmington, 544 New Britain Avenue, Farmington, Connecticut. Mr. McGrane is expected to testify regarding his appointment as acting Director of Public Works under Ms. Borges. Expected Duration of Testimony: 10 minutes.

15. **Joseph Croughwell,** 5212 Holly Forest Lane, Hollywood, South Carolina 29449. Former Police Chief Croughwell is expected to testify about his appointment as acting chief and, subsequently, as Chief by Ms. Borges. Expected duration of Testimony: 10 minutes.

16. **Robert Rudewicz,** Director of Human Resources, Windsor Marketing Group, Two Industrial Road, Windsor Locks, Connecticut 06096. Mr. Rudewicz is expected to testify

about his appointment as acting Chief of Police by Ms. Borges.  Expected Duration of

Testimony:  10 minutes.

   17. **Raymond Harasymiw,** 50 Crestview Drive, Newington, Connecticut.  Mr.

Harasymiw is expected to testify regarding his appointment as Finance Director by Ms. Borges.

Expected Duration of Testimony:  10 minutes.

   18. **John Vendetta,** 223 Princeton Street, Hartford, Connecticut 06106.  Mr.

Vendetta is expected to testify regarding his appointment as acting Fire Chief by Ms. Borges.

Expected Duration of Testimony:  10 minutes.

   19. **Albert Oullette**, 10 Spencer Avenue, Niantic, Connecticut 06537.  Mr. Oullette

may testify regarding his appointment as Director of Information Services by Ms. Borges.

Expected Duration of Testimony:  10 minutes.

   20. **Paul Mainuli,** 66 Lenox Drive, Glastonbury, Connecticut 06033.  Mr. Mainuli

is expected to testify regarding his appointment as Acting Budget Director by Ms. Borges.

Expected Duration of Testimony:  10 minutes.

   21. **Thomas Phillips,** 28 Beechwood Lane, South Glastonbury, Connecticut 06073.

Mr. Phillips is expected to testify regarding his appointment as Director of Grants Management

by Ms. Borges.  Expected Duration of Testimony:  10 minutes.

22.     **H. Patrick Campbell,** Audit Department, 550 Main Street, Hartford, Connecticut 06103.  Mr. Campbell is expected to testify regarding his appointment as Internal Auditor by Ms. Borges.  Expected Duration of Testimony:  10 minutes.

23.     **Katherine McCormack,** Director of Health, 131 Coventry Street, Hartford, Connecticut 06112.  Ms. McCormack, the Health Director for the City of Hartford, is expected to testify regarding her appointment by Ms. Borges.  Expected Duration of Testimony:  10 minutes.

24.     **Kathleen Coffin,** City of Hartford, 550 Main Street, Hartford, Connecticut 06106.  Ms. Coffin is expected to testify regarding her appointment as acting Director of Human Relations under Ms. Borges.  Expected Duration of Testimony:  10 minutes.

25.     **Linda Bayer,** 390 Main Street, Wethersfield, Connecticut 06109.  Ms. Bayer is expected to testify regarding her appointment as an Assistant City Manager under Ms. Borges.  Expected Duration of Testimony:  10 minutes.

26.     **Emily Mokriski,** 232 Ferguson Road, Manchester, Connecticut 06040.  Ms. Mokriski is expected to testify regarding her appointments in the Finance Department under Ms. Borges.  Expected Duration of Testimony:  10 minutes.

27.     **John Lupo,** 517 New Britain Avenue, Hartford, Connecticut 06106. Mr. Lupo is expected to testify regarding his appointment as Assistant to the City Manager and Coordinator of NRZs by Ms. Borges.  Expected Duration of Testimony:  10 minutes.

28.    **William Hogan,** 46 Auburn Road, West Hartford, Connecticut 06119.  Mr. Hogan is expected to testify regarding his appointment as Acting Finance Director and Finance Director by Ms. Borges.  Expected Duration of Testimony:  10 minutes.

29.    **William Cochran,** One Gold Street, 20-C Bushnell Tower, Hartford, Connecticut 06103.  Mr. Cochran is expected to testify regarding his appointment as Acting Finance Director by Ms. Borges.  Expected Duration of Testimony:  10 minutes.

30.    **Richard Robinson,** 114 Westerly Terrace, Hartford, Connecticut 06105.  Mr. Robinson is expected to testify regarding his appointment as Finance Director by Ms. Borges.  Expected Duration of Testimony:  10 minutes.

31.    **Lori Waltchausen,** 550 Main Street, Hartford, Connecticut 06103.  Ms. Waltchausen is expected to testify regarding her appointment as Acting Assistant Budget Director and Assistant Budget Director by Ms. Borges.  Expected Duration of Testimony:  10 minutes.

32.    **Rae Ann Palmer**, 18 Chatsworth Road, Granby, Connecticut 06035.  Ms. Palmer is expected to testify regarding her appointment as Coordinator of Special Projects and Community Programs by Ms. Borges.  Expected Duration of Testimony:  10 minutes.

33.    **Daniel Carey,** City and Town Clerk, 550 Main Street, Hartford, Connecticut.  Mr. Carey may be called to testify as to the authenticity of certain documents.  Expected Duration of Testimony:  15 minutes.

34.     **Michael Peters,** 249 Newbury Street, Hartford, Connecticut 06114.  Former Mayor Peters is expected to testify regarding his selection of Saundra Kee Borges for the City Manager position, her performance in that position and her character.  Expected Duration of Testimony:  30 minutes.

35.     **Stanley Kapuchinski, M.D.,** 965 Hopmeadow Street, Simsbury, Connecticut 06070-1824.  Dr. Kapuchinski is expected to testify regarding his treatment of the plaintiff, plaintiff's aversion to risk and change and his compulsive behavior.  Expected Duration of Testimony:  1 hour.

**36.     In the event that plaintiff is allowed to offer expert testimony despite his failure to disclose any experts in accordance with Federal Rule of Civil Procedure 26(a)(2), the defendants reserve the right to call expert witnesses to testify regarding plaintiff's alleged emotional distress, his alleged heart attack and intestinal ailments and their non-relation to the alleged discriminatory actions of the defendants.  These expert witnesses would likely be a psychiatrist and a cardiologist, and, perhaps, would include:**

Walter Borden, M.D., 10 Main Street, West Hartford, CT.  Dr. Borden would testify regarding the effects of stress on a person's mental or emotional status.

Joseph Gaeta, M.D., 235 Plain Street, Providence, RI 02095.  Dr. Gaeta would testify regarding causation of heart attacks and any casual connections between the Defendants' alleged discriminatory acts and plaintiff's alleged heart attack.

8.     **Exhibits.**

**Plaintiff's Proposed Exhibits:**

| P-1. | Letter from Mark Ronaldes to Patricia C. Washington outlining suitability for position as Assistant Director of Housing, 2 pages, 12/30/94. |
|------|-------------------------------------------------------------------------------------------------------------------------------------------|
| P-2. | Job posting for Assistant Director of Housing. |
| P-3. | Letter to Mark Ronaldes from Personnel Department advising him of his score and ranking, 01/05/95. |
| P-4. | Letter to Mark Ronaldes from Ralph Knighton advising him he was not chosen for the position of Assistant Director of Housing, 01/11/95. |
| P-5. | Memo from Mark Ronaldes to Ralph Knighton entitled "My Primary Professional Responsibilities", 3 pages, 02/06/95. |
| P-6. | Memo from Bruno Mazzulla to Housing Staff, advising Mark Ronaldes would be in charge in his absence, 12/13/95. |
| P-7. | Memo from Bruno Mazzulla to Housing Staff, advising Mark Ronaldes would be in charge in his absence, 08/27/96. |
| P-8. | Memo from Bruno Mazzulla to Housing Staff, advising Mark Ronaldes would be in charge in his absence, 05/05/97. |

| P-9. | Memo from Bruno Mazzulla to Housing Staff, advising Mark Ronaldes would be in charge in his absence, 08/07/97. |
|---|---|
| P-10. | Memo from Mark Ronaldes to Ralph Knighton entitled "Extraordinary Responsibilities and Achievements", 3 pages, 11/14/97. |
| P-11. | Memo to file from Mark Ronaldes re: Exceptional Service Increment (ESI) denial, 12/29/97. |
| P-12. | Memo from Bruno Mazzulla to Housing Staff, advising Mark Ronaldes would be in charge in his absence, 01/21/98. |
| P-13. | Memo from Bruno Mazzulla to Housing Staff, advising Mark Ronaldes would be in charge in his absence, 02/19/98. |
| P-14. | Memo to file from Mark Ronaldes re: Meeting with Ralph Knighton, March 17, 1998, 03/18/98. |
| P-15. | Memo to file from Mark Ronaldes re: Meeting with Sandra Kee Borges, 2 pages, 04/14/98. |
| P-16. | Memo to Rehab Specialists, et al. from Gerry Forte, re: Job Responsibilities, 06/17/98. |
| P-17. | Memo to file from Mark Ronaldes re: Meeting with Gerry Forte, 07/09/98. |
| P-18. | Memo from Gerry Forte to Housing Staff, advising Mark Ronaldes would be in charge in her absence, 08/27/98. |

| P-19. | Memo from Gerry Forte to Housing Staff, advising Mark Ronaldes would be in charge in her absence, 11/24/98. |
|-------|-------------------------------------------------------------------------------------------------------------|
| P-20. | Memo from Gerry Forte to Housing Staff, advising Mark Ronaldes would be in charge in her absence, 12/23/98. |
| P-21. | Memo from Gerry Forte to Housing Staff, advising Mark Ronaldes would be in charge in her absence, 03/25/99. |
| P-22. | Memo from Gerry Forte to Housing Staff, advising Mark Ronaldes would be in charge in her absence, 06/04/99. |
| P-23. | Memo from Gerry Forte to Housing Staff, advising Mark Ronaldes would be in charge in her absence, 06/16/99. |
| P-24. | Memo from Gerry Forte to Housing Staff, advising Mark Ronaldes would be in charge in her absence, 08/24/99. |
| P-25. | Memo from Gerry Forte to Housing Staff, advising Mark Ronaldes would be in charge in her absence, 10/22/99. |
| P-26. | Memo from Gerry Forte to Housing Staff, advising Mark Ronaldes would be in charge in her absence, 12/03/99. |
| P-27. | Memo from Gerry Forte to Housing Staff, advising Mark Ronaldes would be in charge in her absence, 12/21/99. |
| P-28. | Memo from Gerry Forte to Housing Staff, advising Mark Ronaldes would be in charge in her absence, 12/29/99. |
| P-29. | CHRO Complaint filed by Mark Ronaldes, 5 pages, 11/18/98. |

| P-30. | Medical records, Charlotte Hungerford Hospital, re: Mark Ronaldes, 127 pages. |
|-------|-------------------------------------------------------------------------------|
| P-31. | Hartford Hospital stress tests, 9 pages, 10/09/00 - 03/27/01. |
| P-32. | Hartford Hospital Discharge Summary of Mark Ronaldes, Stephen J. Kastoff, M.D., 10/13/00, 2 pages. |
| P-33. | Letter Stephen J. Kastoff, M.D. to Kevin W. Coombes, Esq., re: heart attack related to stress, 02/14/01, 2 pages. |
| P-34. | Affirmative Action Plan of the City of Hartford |

**Defendants' Objections to Plaintiff's Proposed Exhibits:**

Exhibits P-1 through P-5:  The 1995 posting and subsequent selection process for the position of Assistant Director of Housing is irrelevant to this case.  Bruno Mazzulla, a white male, was selected as the Assistant Director of Housing and plaintiff was not.  Plaintiff concedes that he was not discriminated against on the basis of his race in that selection process.  Thus, there is nothing relevant to be gathered from such proposed evidence.  Moreover, the introduction of such evidence is likely to confuse the jury, while offering no evidentiary value.

Exhibits P-10 through P-11.  Both documents appear to be offered in an effort to prove discrimination in connection with an Exceptional Service Increment (ESI) in November or December of 1997.  In his Amended Complaint, plaintiff does not claim that he was

discriminated against on the basis of his race in connection with an Exceptional Service Increment. Therefore, these documents are irrelevant. Additionally, these events occurred more than 180 days before the filing of plaintiff's complaint with the Connecticut Commission on Human Rights and Opportunities (CHRO) and, thus, should be deemed waived.

Exhibits P-14 through P-15. These documents, created by plaintiff, contain hearsay statements, not otherwise admissible.

Exhibits P-16 through P-28. These exhibits recount events occurring after the acting assignment was made in this case and, therefore, are completely irrelevant to the issue of whether Ms. Borges discriminated against plaintiff in making the acting assignment. For example, Exhibits P-18 through P-28 are simply memos from Ms. Forte to the staff indicating that plaintiff would be in charge while she was out of the office. Such evidence has no bearing on the question of whether Ms. Borges discriminated against plaintiff in making the acting assignment. Such documents only show that, after the acting assignment was made, Ms. Forte allowed the next highest ranking, senior person to be in charge while she was away. Exhibit P-16 purports to be a memo from Ms. Forte, after her selection for the acting assignment, to Rehabilitation Specialist employees working for the City. Plaintiff was a Senior Project Manager. Thus, not only is the memo irrelevant because it is not timely, it is irrelevant because it has nothing to do with plaintiff or with Ms. Borges' decision. Additionally, Exhibit P-17 contains hearsay statements not otherwise admissible.

Exhibit P-29 should be excluded as irrelevant and immaterial. The introduction of plaintiff's CHRO complaint would serve no purpose in this litigation and does not contain admissible evidence. The Defendants do not contest the fact that plaintiff filed his CHRO complaint within 180 days of the selection of Ms. Forte for the acting assignment. Thus, there is no evidentiary benefit to the introduction of the CHRO complaint. Further, the introduction of the CHRO complaint has the potential to create juror confusion because jurors may think either that the issues raised in the CHRO complaint are issues for decision in this case or that the CHRO complaint contains admissible evidence.

Exhibits P-30 through P-33 are the subject of a Motion in Limine. No experts have been disclosed in this case. Thus, plaintiff cannot establish a sufficient evidentiary link between his alleged heart attack and the Defendants' alleged discrimination. Because plaintiff cannot establish an evidentiary causal link between the Defendants' alleged discrimination and his alleged heart attack, evidence of plaintiff's alleged heart attack is irrelevant, severely prejudicial to the Defendants, is likely to result in wasted time and likely to create confusion for the jury.

Exhibit P-34. Defendants have proposed to introduce into evidence the one page Equal Employment Opportunity statement issued by the City of Hartford. Through Exhibit P-34, plaintiff intends to introduce the entirety of the City's Affirmative Action Plan, which typically encompasses 65-75 pages. The introduction of the entire Affirmative Action Plan would not

serve any purpose in this case that could not be served by the one page exhibit proposed by the

Defendants.  The introduction of the Affirmative Action Plan is also likely to confuse the jury

and elongate the trial of this action.

**Defendants' Proposed Exhibits:**

D-1:        Selected portions of the Charter of the City of Hartford.

D-2:        Selected portions of the City of Hartford Personnel Rules and

Regulations.

D-3:        City of Hartford's Equal Employment Opportunity Statement.

D-4:        June 5, 1998 Letter from Saundra Kee Borges to Geraldine Forte

regarding reassignment to acting assignment, 1 page.

D-5:        Employment Agreement Between the City of Hartford and Geraldine R.

Forte, 1 page.

D-6:        May 24, 1999 Memo from Saundra Kee Borges to Patricia Washington

regarding pay to Geraldine Forte with three attached Personnel Form Bs, 4 pages.

D-7:        March 26, 1998 memo to file from Mark Ronaldes regarding meeting

with Ralph Knighton, 1 page.

D-8:        Resume of Geraldine Forte, 3 pages.

D-9:        September 9, 1993 from Harold Abrams to Patricia Washington

regarding an acting assignment for Geraldine Forte, 1 page.

D-10:     February 10, 1995 Memo from Ralph Knighton to Staff of the Department of Housing and Community Development, regarding Conducting Personal Business on City Time, 1 page.

D-11:     September 29, 1995 Memo from Ralph Knighton to All Staff regarding Accumulation and Usage of Compensatory Time and Flexible Time Work Schedules, 2 pages.

D-12:     October 3, 1995 Memo from Bruno Mazzulla to All Housing Staff regarding Use of Improper Language, 1 page.

D-13:     February 26, 1996 memo from Ralph Knighton to All Housing & Community Development Staff, regarding Tardiness, 1 page.

D-14:     March 29, 1996 Memo from Ralph Knighton to Housing Staff, regarding the Use of City Cars, 1 page.

D-15:      April 4, 1996 Memo from Ralph Knighton to Housing & Community Development Staff, regarding Abuse of Work Time, 1 page.

D-16:     September 27, 1996 memo from Bruno Mazzulla to All Staff, regarding Day Off Policy, 1 page.

D-17:     June 19, 1997 memo from Ralph Knighton to All Staff, regarding Use of Telephones and Electronic Systems.

D-18:     November 14, 2000 Retirement Letter from plaintiff to Bruno Mazzulla.

D-19:     Application for Pension submitted by plaintiff.

D-20:          City of Hartford Personnel Payroll Activity Form B, signed by Bruno

Mazzulla on November 20, 2000 regarding plaintiff.

D-21:          March 30, 2001 Letter from Lorraine Shetensky to plaintiff regarding

pension commencement.

D-22:          Chart of Back Pay damages, 1 page.

D-23:          Printout of Payments made to Geraldine Forte between June 19, 1998

and March 30, 2001.

D-24:          Printout of Payments made to Mark Ronaldes between June 19, 1998 and

March 30, 2001.

D-25:          February 8, 1999 Memorandum of Understanding Between the City of

Hartford and the Union (HMEA).

D-26:          Register of applicants for 2001 posting of Assistant Director of Housing

position.

D-27:          Summary chart of Caucasians hired or promoted by or under Saundra

Kee Borges.

D-28:          Dr. Kapuchinski's treatment notes for plaintiff, 3 pages.

D-29:          November 21, 1997 Memo from Saundra Kee Borges to Elected &

Appointed Officials, Superintendent of Schools, Chief Librarian & Department Heads, 1 page.

To be introduced only in the event that plaintiff is allowed to elicit evidence regarding the 1997 ESI.

D-30:     Analysis of ESIs granted during relevant period.  To be introduced only in the event that plaintiff is allowed to elicit evidence regarding the 1997 ESI.

D-31:     Treatment notes of Dr. Josephson.  To be introduced only in the event that plaintiff is allowed to elicit evidence regarding his treatment with Dr. Josephson.

D-32:     Treatment notes and related documents regarding plaintiff's alleged heart attack.  To be introduced only in the event that plaintiff is allowed to elicit evidence regarding his alleged heart attack.

D-33:     HMEA Contract.  To be introduced only in the event that plaintiff is allowed to elicit evidence regarding pension payments.

**9.     Deposition Testimony.**  The parties do not anticipate that any witness will testify by deposition.

**10.     Requests for Jury Instructions.**  The parties Requests for Jury Instructions and applicable objections are attached hereto.  They are also being submitted on disk.

**11.     Anticipated Evidentiary Problems.**  Defendants have addressed as many evidentiary issues as may reasonably be foreseen in their objections to witnesses, exhibits and plaintiffs' proposed jury instructions and in the attached Motions in Limine.

**12.**     **Proposed Findings and Conclusions.**  Not applicable.

**13.**     **Trial Time.**  The parties estimate 8 days

**14.**     **Further Proceedings.**  Beyond a pretrial conference, a hearing of Defendants'

Motions in Limine and resolution of other evidentiary issues, the parties do not anticipate the

need for any further proceedings before trial.  After trial, there may be a need for proceedings

regarding equitable remedies.

**15.**     **Election for Trial by Magistrate Judge.**  The parties do not object to a trial

before a United States Magistrate Judge, except that the parties object to a trial before any

Magistrate Judge who conducted settlement discussions in this case.  To date, Magistrate Judge

Smith has conducted settlement discussions with the parties.

**16.**     **Verdict Form.**  The Defendants' proposed verdict form is attached hereto and is

provided on disk.

PLAINTIFF,
MARK RONALDES

Date:_____          By_____

      Norman Pattis
      Federal Bar No. ct13120
      Williams & Pattis, LLC
      51 Elm Street, Suite 409
      New Haven, CT  06510
      (203) 562-9931 (telephone)
      (203) 776-9494 (fax)
      His Attorneys

DEFENDANTS,
CITY OF HARTFORD AND
  SAUNDRA KEE BORGES

Date:_____          By_____

      Joseph W. McQuade
      Federal Bar No. ct12121
      Kainen, Escalera & McHale, P.C.
      21 Oak Street, Suite 601
      Hartford, CT  06106
      (860) 493-0870 (telephone)
      (860) 493-0871 (fax)
      jmcquade@kemlaw.com
      Their Attorneys

7368