## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

**I.    Liability**

Lydia Mele's complaint is brought in two counts under the Americans With Disabilities Act ("ADA").  42 U.S.C. § 12101, et seq.

The ADA prohibits employers such as the defendant from discriminating against qualified individuals with disabilities in regard to job application procedures, hiring, advancement, hiring, firing, training and terms, conditions and privileges of employment.  42 U.S.C. § 12112(a).

The term discriminate includes limiting, segregating or classifying an employee with a disability in such a way that adversely affects that employee because of his or her disability.  42 U.S.C. § 12112 (b)(1).

The term discriminate also includes:

    1.    Utilizing standards, criteria or methods of administration that have the effect of discrimination on the basis of disability, or that perpetuates the discrimination of others who are subject to common administrative control;

    2.    Excluding or otherwise denying jobs or benefits to qualified individuals because of the known disability;

    3.    Failing to make reasonable accommodations to the known physical limitations of an otherwise qualified individual with a disability, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such entity;

       4.    Denying employment opportunities to an employee who is a qualified individual with a disability, where providing such opportunities would be a reasonable accommodation to the physical impairments of the employee; or

       5.    Using standards or selection criteria that screen or tend to screen out an individual with a disability, unless it is shown that the standard or selection is legitimately job related.  42 U.S.C. § 12112(b)(3)-(6).

The term "qualified person with a disability" means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the position that such person holds or desires.  42 U.S.C. § 12111(8).

A reasonable accommodation may include, but does not have to be limited to, making existing facilities used by employees readily accessible to and usable by individuals with disabilities, job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices.  42 U.S.C. § 12111(9).

The term "disability" when used in connection with an individual making a claim under the ADA, means the individual has a physical or mental impairment that substantially limits one or more of the major life activities of such individual, or a record of such impairment, or is regarded by his or her employer as having such impairment.  42 U.S.C. § 12102(2).  An employee who presents proof of a physical manifestation of a disability plus the necessity of a special device to assist that employee could be

considered being regarded by his or her employer as being disabled within the meaning of the ADA. Kelly v. Drexel Univ., 94 F.3d 102 (3rd Cir. 1996).

**2.    Damages**

The damages recoverable include future pecuniary losses, emotional pain, suffering, inconvenience, and mental anguish, loss of enjoyment of life and other nonpecuniary losses. Pecuniary losses include concepts such as lost wages and benefits. 42 U.S.C. § 1981a. If you find the plaintiff has been discriminated against by the defendant, the plaintiff is also entitled to an award of back pay and benefits under Conn. Gen. Stat. § 46a-104.

    **a.    Emotional Pain**

        **1.    Negligent Infliction of Emotional Distress**

Recovery for unintentionally-caused emotional distress does not depend on proof of either an ensuing physical injury or a risk of harm from physical impact. Rather, the defendant is liable if the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm. Montinieri v. Southern New England Telephone Co., 175 Conn. 337, 345, 398 A.2d 1180 (1978).

        **2.    Intentional Infliction of Emotional Distress**

In order for the plaintiff to prevail in a case for liability under intentional infliction of emotional distress, four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that

emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986). Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" 1 Restatement (Second), Torts § 46, comment (d), p. 73 (1965). Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress. Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17, 19, 597 A.2d 846 (1991).

      **b.**      **Exacerbation of personal injuries**

Ms. Mele can recover for exacerbation of her physical injuries if she proves that such exacerbation was caused by the defendant's violation of the ADA. Causation requires a finding of both cause-in-fact and proximate cause. The test for cause in fact is simply would the injury have occurred were it not for the wrongful conduct. Doe v. Manheimer, 212 Conn. 748, 757 (1989). The test for proximate cause is whether the wrongful conduct was also a substantial factor in bringing about the injury. Mather v. Griffin Hospital, 207 Conn. 125, 130 (1988).

Conduct is a substantial factor in binging about an injury if it contributes materially to the production of the injury.  Conduct contributes materially to the production of an injury if its causal effects remain in operation until the moment of injury or exacerbation of the injury.  Conduct that makes only a remote, trivial or inconsequential contribution to the production of an injury is not a substantial factor in bringing it about and therefore is not a proximate cause of the injury.  <u>Doe v. Manheimer</u>, <u>supra</u> at 757-58.  Where the wrongful conduct combines with other factors, it is a proximate cause of the injury when its contribution to the production of the injury in comparison to other causes is material or substantial.  "If the effects of the actor's conduct actively and continuously operates to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of another person's innocent, tortuous, or criminal act is also a substantial factor in bringing about the harm does not protect the actor from liability." 2 Restatement (Second), Torts § 439.

    c.    **<u>Compensatory Damages for emotional distress & exacerbation of personal injuries.</u>**

The rule of damages is as follows. Insofar as money can do it, the plaintiff is to receive fair, just and reasonable compensation for all personal injuries and losses, past and future, which are proximately caused by the defendant's proven negligence, and also fo any emotional distress found.  Under this rule, the purpose of an award of damages is to compensate the plaintiff for his/her resulting injuries and losses.  You must attempt to put the plaintiff in the same position, as far as money can do it, that

he/she would have been in had the defendant's conduct not been wrongful. Connecticut Civil Jury Instructions § 2-40(a).

Our laws impose certain rules to govern the award of damages in any case where liability is proven. The plaintiff must prove both the nature and extent of each particular loss or injury for which he/she seeks to recover damages and that the loss or injury in question was proximately caused by the defendant's conduct. You may not guess or speculate as to the nature or extent of the plaintiff's losses or injuries. Your decision must be based on reasonable probabilities in light of the evidence presented at trial. Injuries and losses for which the plaintiff should be compensated include those he/she has suffered up to and including the present time and those he/she is reasonably likely to suffer in the future as a proximate result of the defendant's wrongful conduct. Id.

Once the plaintiff has proved the nature and extent of his/her compensable injuries and losses, it becomes your job to determine what is fair, just and reasonable compensation for those injuries and losses. There is often no mathematical formula in making this determination. Instead, you must use human experience and apply sound common sense in determining the amount of your verdict. Id.

A plaintiff who is injured by the wrongful conduct of another is entitled to be compensated for all physical pain and suffering, mental and emotional suffering, loss of the ability to enjoy life's pleasures, and permanent impairment or loss of function that he/she proves by a fair preponderance of the evidence to have been proximately

caused by the defendant's negligence.  As far as money can compensate the plaintiff for such injuries and their consequences, you must award a fair, just, and reasonable sum.  You simply have to use your own good judgment in awarding damages in this category.  You should consider the nature and duration of any pain and suffering that you find.  <u>Id.</u>

A plaintiff who is injured by the wrongful conduct of another is entitled to be compensated for mental suffering caused by the defendant's conduct for the results which proximately flow from it in the same manner as he/she is for physical suffering.  <u>Id.</u>

In addition, you should consider, as a separate category for awarding damages in this case, the length of time the plaintiff was, or will probably be, disabled from engaging in activities which he/she enjoys.  <u>Id.</u>

If you find that it is reasonably probable that he/she has suffered permanent physical harm, loss of function or disfigurement, the plaintiff is entitled to be compensated for that category of injury.  Your award should be in accordance with the nature and extent of such physical impairment, loss of function or disfigurement and the length of time he/she is reasonably expected to endure its negative consequences.  <u>Id.</u>

The plaintiff is entitled to full compensation for all injuries and losses proximately caused by the defendant's negligence even though those injuries and losses are more serious than they otherwise would have been because of a pre-existing condition.  You may not compensate the plaintiff for the pre-existing injury itself.  However, the

aggravation of such an injury, proximately caused by the defendant's negligence, is a proper item of damages.  Id.

### d. **Punitive Damages**

Plaintiff reserves the right to seek an award of punitive damages by the Court under the Connecticut Fair Employment Practices Act ("CFEPA") in a subsequent hearing to the Court.

### e. **Attorneys Fees**

Plaintiff reserves the right to seek an award of attorneys' fees by the Court under the CFEPA and the ADA in a subsequent hearing to the Court.