# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LYDIA MELE** | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:02CV1371 (AVC)** |
| **v.** | : | |
| | : | |
| **HARTFORD PUBLIC SCHOOLS,** | : | |
| **AND THE BOARD OF TRUSTEES** | : | |
| **FOR THE HARTFORD PUBLIC** | : | |
| **SCHOOLS,** | : | |
| **Defendants.** | : | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants submit the following proposed jury instructions. The Defendants reserve

the right to submit supplemental and additional instructions prior to final argument.[1]

DEFENDANTS,
HARTFORD PUBLIC SCHOOLS AND
BOARD OF TRUSTEES FOR THE
HARTFORD PUBLIC SCHOOLS

By_____
    Joseph McQuade
    Federal Bar No. ct12121
    Diana Garfield
    Federal Bar No. ct05551
    Kainen, Escalera & McHale, P.C.
    21 Oak Street, Suite 601
    Hartford, CT  06106
    Telephone (860) 493-0870
    Facsimile (860) 493-0871
    jmcquade@kemlaw.com
    dgarfield@kemlaw.com
    Their Attorneys

---

[1] In accordance with the Pretrial Order, the defendants have not included herein the general jury instructions that the Court gives.

<u>Table of Contents</u>

<u>Page</u>

1.  Avoiding Sympathy, Prejudice and Speculation ...................................................3

2.  Reward For Past Service/Business Judgment ...................................................4

3.  All Persons Are Equal Before The Law ...................................................6

4.  Burden of Proof In A Civil Case ...................................................7

5.  Plaintiff's Claim ...................................................9

6.  Defendants' Claim ...................................................10

7.  Burden of Proof – Disability Discrimination ...................................................11

8.  Defendant's State of Mind ...................................................19

9.  Proximate Cause ...................................................20

10.  Harassment ...................................................21

11.  Hostile Environment –"Unwelcome" Defined ...................................................22

12.  Harassment Based On Disability ...................................................23

13.  Hostile Environment – "Sufficiently Severe or Pervasive" Defined ...................................................24

14.  Hostile Environment – Reasonable Person Standard ...................................................25

15.  Employer Liability and Remedial Acts ...................................................26

16.  Retaliation ...................................................28

17.  Defendants' Legitimate Nonretaliatory Reason ...................................................30

18.  Pretext ...................................................32

19.  Plaintiff's Opinion as to Qualifications ...................................................33

20.  Damages ...................................................34

21.  No Duplication of Damages ...................................................38

22.  Proposed Verdict Form ...................................................39

DEFENDANTS' PROPOSED
INSTRUCTION NO.  1

## AVOIDING SYMPATHY, PREJUDICE AND SPECULATION

Ladies and Gentlemen, I must remind you that the mere filing of a lawsuit containing allegations of claims against another person is proof of nothing.  And you must not draw any inference from that fact.  To decide whether a case has been proven in accordance with all of the requirements of law on which I will instruct you, you must look to the evidence, for it is from the evidence that you must determine whether the plaintiff has proved her case.  Your verdict must be based absolutely and solely upon the evidence given to you here in the trial of this case.  You should not be swayed or influenced by any sympathy or prejudice for or against any of the parties.  You should not be influenced by any claims or comments of counsel which are not warranted by the evidence, but you should decide the case upon the evidence presented before you at this trial with due regard to the law as stated by the Court, as applied to the facts which you find to be established by the evidence.  You should draw no inferences from material or testimony which was excluded from evidence or from the mere asking of a question to which an objection is sustained or which has not been answered.  Your decision must be based upon the evidence alone and you must not surmise, speculate or guess as to the material facts in this case.

DEFENDANTS' PROPOSED
INSTRUCTION NO.  2

## REWARD FOR PAST SERVICE/BUSINESS JUDGMENT

You may not find for Ms. Mele to reward past services to the Hartford Public Schools or because of some general feeling that she deserved better from her years of employment.  The question for you is not whether Ms. Mele in your view was treated well, but whether the defendants are liable for the claims asserted in the complaint.

In considering the reasons for the actions taken by the Hartford Public Schools, you are not required to decide whether you agree with the decisions.  The Hartford Public Schools is entitled to exercise its management discretion and make its own business judgments in that respect.  The wisdom of these decisions, whether they were totally objective or partially subjective, is not before you and may not be second-guessed.  Once again, I remind you that the Hartford Public Schools business decisions need not be good or even wise; they simply cannot be violative of the law.

Under the law that governs this case, then the Hartford Public Schools had the right to take employment actions regarding Ms. Mele for good reasons, bad reasons, or even for no reason at all, so long as its decisions were not based on Ms. Mele's disability.  If you find that Ms. Mele's disability did not make a difference, in the decisions of the defendants, you must return a verdict for the defendants, even if you feel the decisions were arbitrary or unfair or if you sympathize with Ms. Mele.

_____

St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2751 (1993)

Hazen Paper Co. v. Biggins, 113 S. Ct. 1701. 1706 (1993)

Parcinski v. Outlet Company, 673 F.2d 34, 20 FEP Cases 937 (2d Cir. 982); cert denied, 459 U.S. 1103 (1983)

Weihaupt v. AMA, 874 F.2d 419, 430 (7th Cir. 1989)

Dister v. The Continental Group, Inc., 859 F.2d 1108, 1116 (2d Cir. 1988)

Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 259, 25 FEP Cases 577 (1981)

DEFENDANTS' PROPOSED
INSTRUCTION NO.  3

## <u>ALL PERSONS ARE EQUAL BEFORE THE LAW –<br>SCHOOL DISTRICTS AND STATE AGENCIES</u>

The fact that the defendants in this lawsuit are public entities is immaterial in the eyes of the law.  This case should be considered and decided by you as an action between parties of equal worth and equal standing in the community, holding the same or similar stations in life. A public entity is entitled to the same fair trial as a private individual.  All persons, including city departments, stand equal before the law and are to be dealt with as equals in a court of justice.  A school district or a state agency only acts through its employees who are people like you and me.  In a real sense, you are called upon to sit in judgment of the people who make decisions and act for the Hartford Public Schools, many of whom you observed during this trial.  The size of Hartford Public Schools has no place in this trial.  It is the pride of our system of law that our cases are not decided on the basis of whether the parties are rich or poor, nonindividuals or individuals.  You must decide this case based on the evidence.  All parties stand equal before the law.

_____

3 E. Devitt, C. Blackmar, & M. Wolff, <u>Federal Jury Practice And Instructions</u>, §§ 71.03 and 7104 (4th Ed. 1987).

<u>Jury Instructions And Forms For Federal Civil Cases</u>, 28 F.R.D. 401, 414 (1962).

<u>Keer v. City of Chicago</u>, 424 F.2d 1134, 1138 (7th Cir.), <u>cert. Denied</u>, 400 U.S. 83 (1970).

DEFENDANTS' PROPOSED
INSTRUCTION NO. 4

## BURDEN OF PROOF IN CIVIL CASE IS ON PLAINTIFF

In this case, Ms. Mele bears the burden of proof. Ms. Mele has the burden of proving every essential element of her case by a preponderance of the evidence. The burden is not upon any of the defendants to disprove Ms. Mele's claims. The burden remains with Ms. Mele at all times.

To "prove by a preponderance of the evidence" means to prove that something is more likely true than not true. Thus, in this case, it is Ms. Mele's burden at all times to prove that it is more likely than not true that she was discriminated against, harassed or retaliated against on account of her claimed disability. There is no requirement for any of the defendants to convince you that something did not happen.

If you do not find that a fact or issue alleged by Ms. Mele has been proven by a fair preponderance of the evidence, then you will find it not to have been proven at all, and you are not to consider this fact or issue in reaching your verdict. If you believe that the testimony on any fact or issue is evenly balanced so that you cannot say that it inclines you either one way or the other, there would be no preponderance of the evidence as to that fact or issue, and Ms. Mele has failed to prove that fact or issue.

The burden of proof imposed by law upon Ms. Mele requires that your decision must be based upon evidence alone and that you remove from your consideration such matters that are merely guesses or speculations. You are not at liberty to surmise or speculate or guess as to the material facts in this case.

3 E. Devitt, C. Blackmar, & M. Wolff, <u>supra</u>, §72.01

D. Wright & W. Ankerman, <u>supra</u>, § 311.

<u>St. Mary's Honor Center v. Hicks</u>, 113 S.Ct. 2742, 2751-52 62 FEP Cases 96, 99-101 (1993).

<u>Texas Department of Community Affairs v. Burdine</u>, 450 U.S. 238, 253-254 (1981).

DEFENDANTS' PROPOSED
INSTRUCTION NO.  5

### **PLAINTIFF'S CLAIM**

Ms. Mele is suing two Defendants – the Hartford Public Schools and the Board of Trustees that, for some period of time, managed the Hartford Public Schools, for disability discrimination under state and federal law.  These instructions will refer to the defendants collectively as the Hartford Public Schools.

Ms. Mele alleges that the Hartford Public Schools violated the Americans With Disabilities Act and the Connecticut Fair Employment Practices Act in several ways:  (1) by failing to provide her with reasonable accommodations which would have permitted her to perform the essential functions of her job; (2) by harassing her because of her disabilities; and (3) by retaliating against her because of her disabilities.

Ms. Mele claims that she is entitled to damages by reason of the Hartford Public Schools' conduct.

DEFENDANTS' PROPOSED
INSTRUCTION NO.  6

## **DEFENDANTS' CLAIM**

The defendants contest Ms. Mele's claims.  The Hartford Public Schools dispute that Ms. Mele was denied equal treatment, retaliated against and/or discriminated against in any manner whatsoever because of her alleged disability.

The defendants contend that they offered Ms. Mele reasonable accommodations to the extent possible within the confines of the applicable collective bargaining agreement and resources available.  The defendants deny that they harassed or retaliated against Ms. Mele because of her conditions.

Accordingly, the Hartford Public Schools ask that Ms. Mele not be awarded anything on her claims.

DEFENDANTS' PROPOSED
INSTRUCTION NO.  7

## **BURDEN OF PROOF – DISABILITY DISCRIMINATION**

Ms. Mele contends that the Hartford Public Schools discriminated against her on account of her alleged disability in violation of the Americans With Disability Act (the "ADA" for short) and the Connecticut Fair Employment Practices Act.  These statutes prohibit employment discrimination against qualified individuals with disabilities who, with or without reasonable accommodation, can perform the essential functions of the job, which they hold or desire.

Ms. Mele alleges that the Hartford Public Schools violated the law in three different ways:  (1) by denying her equal treatment; (2) by retaliating against her; and (3) by failing to provide reasonable accommodations to her, all because of her alleged disability.  I will now instruct you on the law with respect to Ms. Mele's disability discrimination claims.

To prevail upon a disability claim, Ms. Mele must prove by the preponderance of the evidence each of the following elements:

1.    that she is disabled;

2.    that she is a qualified individual with a disability who could perform the essential functions of the job of a guidance counselor, with or without reasonable accommodation;

- 11 -

3.     that the Hartford Public Schools had knowledge of her alleged disability at the time it took what Ms. Mele contends were adverse actions against her; and that

4.     <u>both</u> the stated reason for the adverse actions taken against her was false and the real motivation was her alleged disability.

I will now explain to you in greater detail each of the elements Ms. Mele needs to prove in order to prevail on her disability claims.  Keep in mind that Ms. Mele must prove all of the following elements I will now discuss.

1.     <u>Individual With A Disability</u>

In order to recover, Ms. Mele must first prove to you that she is an individual with a "disability."  The Hartford Public Schools does not contest that Ms. Mele's life was substantially limited by the cumulative effects of her many medical conditions.  Therefore, you are instructed to consider Ms. Mele as an individual with a disability.

2.     <u>Qualified Individual With A Disability</u>

Ms. Mele must also prove to you by a preponderance of the evidence that she is a "qualified" individual with a disability.  A "qualified" individual with a disability is one who can perform the essential functions of the job, with or without reasonable accommodation.  Let me now explain to you what is meant by "qualified individual", the "essential functions" and "reasonable accommodation" elements of a disability claim.

A.     Qualified Individual

The disability laws do not protect all individuals with disabilities, but only "qualified" ones – those who satisfy the requisite skill, experience, education, or other job-related requirements of the job she holds and who "with or without reasonable accommodation" can perform the essential functions of the job.  The determination of whether an individual with a disability is "qualified" should be made in two steps.  The first step is to determine if Ms. Mele satisfies the prerequisites for the position, such as possessing the appropriate educational background, employment experience, skills, licenses etc.  The Hartford Public Schools admits that Ms. Mele satisfies the prerequisites for the position of guidance counselor.

The second step is to determine whether or not the individual can perform the essential functions of the position, with or without reasonable accommodation.

B.     Essential functions

The phrase "essential functions" means the basic, fundamental duties of the job the person with the alleged disability holds.  In determining whether a particular function is essential, you should consider:  (1) the employer's judgment as to which functions are essential; (2) the job description for the position or other written indicia of performance requirements; (3) the amount of time that is required to be spent on the job performing the particular function; (4) the consequences of not performing that function; and/or (5) the current work experiences of persons with similar jobs.  Of course, you should give the most

consideration to the employer's judgment as to what functions of a job are essential, because the employer sets the job requirements in the first place.

As to the essential functions of the job, Ms. Mele must show by a preponderance of the evidence that she was performing the essential functions of her job at the time of the adverse actions. Whether someone is performing the essential functions of her job depends upon whether she meets her employer's legitimate expectations. Thus, the essential functions of the job may change. The fact that an individual may have been performing the essential functions of the job in the past does not mean that she is performing the essential functions at a later date. The employer's expectations are to be measured as of the time of the conduct complained about.

If Ms. Mele has failed to prove to you that she could perform the essential functions of the position of guidance counselor at the Hartford Public Schools, with or without accommodation, then she is not entitled to protection under the disability laws and you must find in favor of Hartford Public Schools on this claim.

C.      Reasonable Accommodation

Ms. Mele's claims are based on the Hartford Public Schools alleged failure to accommodate her. I will now explain to you in greater detail what the notion of "reasonable accommodation" is under the disability laws.

An employer must provide a reasonable accommodation to the known physical or mental limitations of an employee who is a qualified individual with a disability, unless it would cause an undue hardship upon the employer to make an accommodation.

If Ms. Mele has not proven to you that she is a qualified individual with a disability, the notion of accommodation is irrelevant, and she is entitled to no recovery in this case.

If a qualified individual with a disability has requested an accommodation, then the employer is obligated to provide a reasonable accommodation. A reasonable accommodation is a modification to a job, work environment, or manner of work that enables an employee with a disability to perform the essential functions of the job. An accommodation that requires significant difficulty or expense for the employer in relation to the employer's size, available resources and nature of the work operation is not a reasonable accommodation. Moreover, a reasonable accommodation need not be the best accommodation available, nor must it be the one actually requested by the employee, as long as it is effective. A reasonable accommodation does not mean elimination of any of the job's essential functions. Employers are not required to bump other employees from their positions in order to open up positions for an employee with a disability. Similarly, an employer is not required to create a position to accommodate an individual with a disability or to violate the contractual rights of other workers to accommodate a disabled employee. The terms of an applicable collective bargaining agreement may control the determination of whether an accommodation is reasonable.

If, in this case, Ms. Mele has proven to you that she is a qualified individual with a disability, and that she requested a reasonable accommodation, you then must consider whether the Hartford Public Schools fulfilled its duty to reasonably accommodate her.

Ms. Mele bears the burden of proving the Hartford Public Schools failed to provide a requested reasonable accommodation to Ms. Mele's known disability. If she satisfies that

burden of proof, the Hartford Public Schools must show that the requested accommodation would have constituted an undue hardship on it or that it made a good faith effort, in consultation with Ms. Mele, to accommodate her.  An employer has the discretion to choose whichever reasonable accommodation it sees fit.  Ms. Mele must accept the reasonable accommodation the Hartford Public Schools offers, as long as it would be effective.

The Hartford Public Schools cannot be held liable for certain types of damages if it at least made a good faith effort to provide Ms. Mele with a reasonable accommodation.  This means that if you find that the Hartford Public Schools' assistance to Ms. Mele was a good faith attempt to accommodate, even though unsuccessful, then Ms. Mele cannot recover any damages for alleged emotional distress or pain and suffering.  She can recover any lost pay arising from the failure to accommodate.

If you find that the Hartford Public Schools accommodated Ms. Mele by providing a reasonable accommodation to her requests for accommodation, then the Hartford Public Schools has fulfilled its duty to reasonably accommodate her, and you must find in favor of the Defendants on this claim.

3.    Pretext

I have now explained to you what Ms. Mele must prove regarding the "qualified individual with a disability," "essential functions," "reasonable accommodation" and "knowledge" elements of her ADA claims.  I must remind you, however, that even if you find that Ms. Mele has satisfied these elements of her claims by a preponderance of the evidence, this does not mean that Ms. Mele has proven that she was discriminated against on account of

her alleged disability.  Rather, Ms. Mele must also prove to you that the real reasons for actions taken about her were because of her disability.

During your deliberations you may consider the possibility that there was more than one reason for the actions taken about Ms. Mele.  If you find that there were one or more reasons for the actions taken insofar as Ms. Mele, and none involved her alleged disability, then Ms. Mele has failed to establish any violation of the law and you must find in favor of the Hartford Public Schools on these claims.

If you find that there were several reasons for the actions taken against Ms. Mele, one of which was her disability, you must decide whether or not her alleged disability was a "determinative factor" in the actions taken.  In order words, has Ms. Mele proven it to be more likely than not true that except for her alleged disability, these actions would not have occurred?  It is not sufficient for Ms. Mele to show that her alleged disability was one of the factors responsible for the actions taken.  She must show that her alleged disability was a factor that made a difference in how she was treated:  but for her employer's motive to discriminate against her because of her disability, she would have been transferred or received an elevator key or a handicapped parking place.

The term "determinative factor" as used in this instruction means a factor which actually made a difference in the Hartford Public Schools' decision about how to treat Ms. Mele.

You are not required to determine, and you need not agree, that the Hartford Public Schools was correct in its decisions about Ms. Mele.  The disability laws entitle an employer to

make its own subjective business judgments, except that decisions cannot be based on an alleged disability.  That is because nothing in the law was intended to interfere with personnel decisions within an employer.  Rather, the legislatures simply intended that disabled persons be treated in the same manner as nondisabled persons.

It is not necessary that you believe that the Hartford Public Schools made the best decision or that you would have made the same decision yourself.  Nor is it your job to decide whether the Hartford Public Schools has good or bad personnel policies.  Your job is to decide whether Ms. Mele's treatment was because of her physical disability.  Once again, I remind you that the Hartford Public Schools' business decision need not be good or even wise; it simply has to be non-discriminatory.  Thus, even if you do not agree with or believe the Schools' appraisal of Ms. Mele's situation, you must return a verdict in favor of the Hartford Public Schools if you find that its conduct was not based on her disability.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 8

## **DEFENDANT'S STATE OF MIND**

Ms. Mele's claims require her to prove that the Hartford Public Schools intentionally discriminated against her based on her disability.[2]  The Hartford Public Schools cannot be held liable under any of the claims in this case for negligent or mistaken acts.  Rather, the Hartford Public Schools may only be held liable if it discriminated against Ms. Mele with an intent to do so or with a reckless disregard of the consequences of its acts.

An act is intentional if it is done knowingly, that is if it is done voluntarily or deliberately, not because of mistake, accident, negligence or other innocent reason.  In determining whether a person acts with a requisite intent, you must evaluate what was done and what the decision-makers involved said was in their minds in view of your belief or disbelief with respect to those facts.

An act is done recklessly if it is done in conscious disregard of its known probable consequences.  For example, handing a loaded gun to a small child, telling the child to play with it and walking away is a reckless act.  While the person may not intend that the child hurt herself or others, the acts are done in conscious disregard of the known probable consequence that the child will fire the gun and cause death or injury to herself or others.

---

[2]     See, McCleskey v. Kemp, 481 U.S. 289 (1987); Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252 (1977); Washington v. Davis, 426 U.S. 229 (1976).

DEFENDANTS' PROPOSED
INSTRUCTION NO. 9

**PROXIMATE CAUSE**

Ms. Mele must prove that the acts of the Hartford Public Schools were a proximate cause of any injuries she sustained.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by a plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission.  If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission.

In order to recover damages for any injury, Ms. Mele must prove by a preponderance of the evidence that that injury would not have occurred without the conduct of the Hartford Public Schools.  If you find that Ms. Mele complains about an injury that would have occurred even in the absence of the conduct of the Hartford Public Schools, you must find that it did not cause her injury.

The Hartford Public Schools is also not liable if Ms. Mele's injury was caused by a new or independent source.  Thus, if you find that the Hartford Public Schools acted wrongfully but that Ms. Mele would have suffered injuries anyway or that Ms. Mele's injuries were caused by someone or something else, you must find in favor of the Hartford Public Schools.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 10

**<u>HARASSMENT</u>**

Ms. Mele also asserts a claim for harassment in this case.  To state a claim for harassment, Ms. Mele must first show that she is a qualified individual with a disability.  If this element of proof is satisfied, plaintiff must prove each of the following elements by a preponderance of the evidence:  (1) she was subjected to unwelcome conduct; (2) the conduct was based on her disability; (3) the conduct complained of was sufficiently severe and pervasive so as to alter the conditions of her employment and create a hostile or abusive working environment; and (4) the Hartford Public Schools knew or reasonably should have known of the conduct and failed to take prompt remedial action.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 11

## **HOSTILE ENVIRONMENT – "UNWELCOME" DEFINED**

To show she was subject to unwelcome conduct, Ms. Mele must prove that she did not

solicit or invite it and regarded it as undesirable or offensive.  To determine whether conduct

was unwelcome you may consider whether plaintiff engaged in similar activity or conduct,

initiated similar conversations or joking, or ever complained to management or a union

representative about the incidents.  If, based on the evidence presented, you find that Ms. Mele

was not subjected to unwelcome harassment, you must find for the Hartford Public Schools on

Ms. Mele's harassment claim.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 12

## **HARASSMENT BASED ON THE DISABILITY**

Ms. Mele must prove that any alleged harassment about which she complains was based upon her disability.  If she fails to offer persuasive evidence that the complained of conduct occurred because of her disabled status, you must enter a verdict in favor of the Hartford Public Schools.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 13

**HOSTILE ENVIRONMENT –**
**"SUFFICIENTLY SEVERE OR PERVASIVE" DEFINED**

Regarding severity, you are to consider the seriousness and intensity of the conduct.

Regarding pervasiveness, Ms. Mele must show a concerted pattern of harassment of a repeated,

routine, or generalized nature.  In order to be considered severe and pervasive, the harassment

must alter the conditions of employment and create an abusive work environment.  It is not

enough for Ms. Mele to prove merely the existence of acts of harassment which were

occasional, isolated, sporadic, or trivial.  In particular, offhand comments and isolated incidents

(unless extremely serious) will not amount to sufficiently discriminatory changes in the terms

and conditions of her employment, nor will sporadic use of abusive language or occasional

teasing.  Conversations between an employee and her superiors about her or her performance

likewise do not constitute actionable harassment simply because they cause the employee

distress.

If you find that Ms. Mele has not proven that the alleged harassment she suffered was

sufficiently severe and pervasive, you must enter a verdict in favor of Hartford Public Schools

on her harassment claim.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 14

### HOSTILE ENVIRONMENT – <u>REASONABLE PERSON STANDARD</u>

In determining whether a hostile work environment existed you must consider the evidence from the vantage point of a reasonable person.  This is an objective standard, and you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances.  You cannot view the evidence from the perspective of an overly sensitive person.  Rather, you must evaluate the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological well-being of a reasonable person.  Ms. Mele cannot recover unless a reasonable person would be affected under the same circumstances.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 15

## <u>EMPLOYER LIABILITY AND REMEDIAL ACTION</u>

If you determine that the harassment alleged by Ms. Mele is sufficiently severe and pervasive, you must then consider whether the Hartford Public Schools can be held liable for the harassment. A defendant is not automatically liable for severe and pervasive harassment, even if you find the alleged harassment occurred. Rather, as to each defendant, Ms. Mele must prove that the Hartford Public Schools had notice of the alleged harassment and failed to exercise reasonable care to prevent and correct harassing behavior. A defendant can be liable for harassment only if it knew or should have known of the harassment, and failed to take prompt remedial action. In other words, a defendant can be liable only if its response manifests indifference or unreasonableness in light of the facts the defendant knew or should have known.

The defendants' notice of the harassment can be actual notice or constructive notice. Actual notice can be shown by proof of Ms. Mele's specific complaint about harassment because of her disability to an individual with authority to act upon it. Constructive notice can be demonstrated by showing that the harassment was so severe and pervasive that a defendant would have to have knowledge of it. You should consider whether the Hartford Public Schools had an harassment policy in place, whether the policy provided for a complaint procedure for any employee who felt harassed, whether Ms. Mele availed herself of the policy and followed the complaint procedures, and whether Ms. Mele complained to someone with authority to act on the information.

In addition to proving that the Hartford Public Schools had knowledge or notice of any harassment alleged by Ms. Mele, she further must prove that the Hartford Public Schools failed to take prompt remedial action in response to the alleged harassment.  Accordingly, if you find that the Hartford Public Schools knew about the severe and pervasive harassment directed towards Ms. Mele, then you should consider what actions the Hartford Public Schools took in response, whether it investigated plaintiff's complaints, the reasonable steps it took to determine whether the conduct took place, and the corrective steps that it took within the range of steps available to it.  The appropriate remedial action will necessarily depend on the severity and persistence of the harassment being complained of, the nature of the notice to the Hartford Public Schools and the effectiveness of any initial remedial steps.  When a defendant responds to claims of harassment, it can be liable only if its response manifests indifference or a failure to exercise reasonable care in light of the facts the defendant knew or should have known.

You may enter a verdict in favor of Ms. Mele and against the Hartford Public Schools on her harassment claim only if she has proven she suffered severe and pervasive harassment based upon her disability, that she utilized the defendants' mechanism for reporting and resolving complaints of harassment (or that none existed), and the defendant had notice of the harassment and failed to appropriately respond.  If Ms. Mele fails to satisfy this burden of proof with respect to Hartford Public Schools you must enter a verdict for the defendants on plaintiff's harassment claim.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 16

## **RETALIATION**

Ms. Mele also asserts a retaliation claim in this case.  The statutes at issue in this case prohibit an employer from retaliating against an employee because the employee engaged in protected activity.  To prove a claim for retaliation, plaintiff must demonstrate:

(1)     She engaged in protected activity;

(2)     This exercise of rights was known by the defendant;

(3)     Defendant thereafter took adverse employment action;

(4)     A causal connection exists between the protected activity and the adverse employment action.

Protected activity includes the filing of a charge of discrimination.  Adverse employment actions are significant changes in employment status, such as firing, demoting, failing to promote, reassignment with significantly different responsibilities, or an action causing a significant change in benefits.  Reassignments without salary, benefits or work hour changes do not ordinarily constitute adverse employment actions.

With respect to Ms. Mele's burden of proving a causal (or "because of") connection between the protected activity and the complained of conduct, where she complains that the alleged retaliatory conduct occurred both before and after the protected activity, her attempt to prove that the Hartford Public Schools treated her differently because of the protected activity is weakened.  In addition, the timing of the protected activity and the adverse employment action is insufficient, on its own, to satisfy Ms. Mele's burden of proving the required causal

connection.  She must show that the protected activity was a "substantial" or "motivating"

factor in each Hartford Public Schools' alleged adverse decision.

   If Ms. Mele fails to offer proof of any of these four elements of her claim, you must find

in favor of the Hartford Public Schools on her retaliation claim.

DEFENDANTS' PROPOSED
INSTRUCTION NO.17

## **DEFENDANTS' LEGITIMATE, NONRETALIATORY REASON**

If you find that Ms. Mele has offered proof of the four elements of her retaliation claim, you must then consider whether the Hartford Public Schools has produced evidence of a legitimate, nonretaliatory reason for the alleged adverse employment action(s). As long as defendant has a legitimate, nonretaliatory reason, that is, a bona fide business or economic reason unconnected with Ms. Mele's protected activity and in which the protected activity is not a factor, the Hartford Public Schools cannot be held liable for retaliation. In this regard, you must bear in mind that an employer is entitled to make its own subjective business judgments, however misguided they may appear to you, and may take action against an employee for any reason that is not discriminatory or retaliatory.

If you find that the alleged adverse employment decision concerning Ms. Mele was made because of business or economic reasons unrelated to her exercise of protected rights and that retaliation was not a determining factor, then Ms. Mele is not entitled to recover on her retaliation claim.

Your inquiry, however, does not stop if you find that defendants have articulated a legitimate, nonretaliatory reason for the decision about which plaintiff complains. You must then determine whether the defendants' legitimate, nonretaliatory reason actually is a pretext for intentional retaliation.

Authorities:  3 Edward J. Devitt et al., §104.01, <u>Federal Jury Practice and Instructions</u>, 4th ed, 1987), as adapted; <u>McKennon v. Nashville Banner Publishing Co.</u>, 115 S.Ct. 879, 885 (1995); <u>St. Mary's Honor Ctr. v. Hicks</u>, 113 S. Ct. 2742, 2747 (1993).

DEFENDANTS' PROPOSED
INSTRUCTION NO. 18

## **PRETEXT**

A pretext is a reason asserted, or a purpose or motive alleged, or an appearance assumed, in order to disguise or hide the real state of affairs.  Proof of pretext means proof that the reasons which the Hartford Public Schools assert motivated them to take the allegedly adverse employment action against Ms. Mele were in fact not the actual reasons for the decision concerning plaintiff.  Ms. Mele has the burden of proving by a preponderance of the evidence that the reasons asserted by defendant actually were a pretext to hide the fact that the defendants' decision was more likely than not retaliation based on her protected activity.  You must determine whether Ms. Mele has proved that the reasons given by the Hartford Public Schools were a pretext, and you may consider all of the evidence in making this determination.  You may only enter a verdict in favor of Ms. Mele on her retaliation claim if you find that she has proven the four elements of his/her retaliation claim and that the reasons given by the Hartford Public Schools for the adverse employment action were a pretext.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 19

## PLAINTIFF'S OPINION AS TO HIS OWN QUALIFICATIONS OR THE QUALIFICATIONS OF OTHERS

During this trial, Ms. Mele has testified that she was discriminated against on account of her disability.  She believes that disability discrimination is evident because of her belief that she was more qualified for available staff vacancies than others who applied for them.  Ms. Mele's opinion as to her qualifications and performance carries relatively little weight, and is only entitled to any weight if corroborated by other evidence derived from the decision-makers.[3]  The most probative evidence of qualifications comes from the decision-makers.  Ms. Mele's assessment of herself and others are not sufficient to establish a violation of any anti-discrimination laws.

---

[3]    See, e.g., Charrette v. S.M. Flickinger Co., Inc., 806 F.Supp. 1045, 1058 (N.D.N.Y. 1992) (discharged employee's conclusory, self-serving statements that his performance was excellent is insufficient to establish that the employee performed his job satisfactorily for purpose of age discrimination claim); EEOC v. L.A. Dept. of Social Services, 63 FEP 161, 164 (E.D. La. 1993) (courts cannot allow an employee's subjective belief of discrimination, however genuine, to be a basis of judicial relief); Schuler v. Polaroid Corp., 848 F.2d 276, 280 (1st Cir. 1988)(employee's evidence that his ratings were good were insufficient to establish pretext where the termination decision rested on the value to the company of the plaintiff's results, not his dedication or competence); Weeks v. Aetna Life Insurance Co., Civil Action No. 3:93CV502 (AVC) (D. Conn. Apr. 25, 1994), slip. op. at 12 (plaintiff's conclusory allegations regarding her performance are insufficient to establish intentional age discrimination); Mills v. First Federal Savings & Loan Association of Belvidere, 83 F.3d 833 (7th Cir. 1996) (employee's self serving statements about her ability are insufficient to contradict an employer's negative assessment of that ability); Little v. Republic Refining Co., 924 F. 2d 93, 96 (5th Cir. 1991); Cf. Smith v. Flax, 618 F.2d 1062, 1067 (4th Cir. 1980) (employee's perception of himself not relevant at all).

DEFENDANTS' PROPOSED
INSTRUCTION NO. 20

## DAMAGES

Ladies and Gentlemen, it is now my responsibility to instruct you on damages.  You
should draw no conclusions with respect to the fact that I am now instructing you on damages.
This does not mean that I believe you should find for or against Ms. Mele on the issue of
liability.  My instruction on damages is only meant to apply if you decide that the Hartford
Public Schools is liable for any of the claims Ms. Mele has presented, based upon the law as I
instructed you earlier.

Disability Discrimination

I will now instruct you on the issue of damages for Ms. Mele's disability discrimination
claims under the ADA and the Connecticut Fair Employment Practices Act.

Back Pay

In the event that you are convinced that Ms. Mele has established that the Hartford
Public Schools is liable for a violation of the disability discrimination statutes, you shall award
her a sum which will compensate her for the salary she lost, if any, because of the Hartford
Public Schools' conduct.  I remind you that in a disability discrimination case, damages are
meant to put the plaintiff in the economic position she would have occupied if the
discrimination had not occurred.  You must taken into consideration the fact that Ms. Mele has
remained an employee of the Hartford Public Schools, has at times received her salary and at
other times been receiving workers' compensation benefits, which are not taxable and,

therefore, worth more.  Thus, even if you conclude that Ms. Mele has established liability

against the Hartford Public Schools she may be entitled to little, or no, back pay damages.

<u>Compensatory Damages</u>

In addition to back pay, if you find that the Hartford Public Schools violated the

disability discrimination statutes, the law allows Ms. Mele to recover for any mental suffering

that she experienced as a result of the Hartford Public Schools' actions.  You must scrutinize

the amount, if any, you award for mental suffering because of the difficulty in proving mental

suffering with certainty, and the possibility that there is no real basis for the claim or that the

suffering is exaggerated.  Again, I instruct you to apply common sense in determining whether

to award any compensatory damages to Ms. Mele.

In this regard, keep in mind that you may not speculate or guess as to the nature and

extent of Ms. Mele's mental distress.  Moreover, I remind you that the purpose of an allowance

of damages for emotional distress is not in any way to punish or penalize the Hartford Public

Schools, but rather, to provide fair and just compensation to Ms. Mele, no more and no less.

Finally, I caution you that in scrutinizing the evidence with respect to Ms. Mele's mental

suffering, damages may not be awarded simply where someone's feelings are hurt.  Thus, an

employee is not entitled to an award for emotional distress simply because she did not like the

decisions made about her.  An employer is allowed, in ordinary circumstances, to make

personnel decisions without the fear of incurring civil liability.

You may not speculate or guess as to the nature or extent of Ms. Mele's injuries.  You

may only award damages for those injuries which Ms. Mele has proved resulted from the

actions of the Hartford Public Schools.  You must disregard any suffering which may have been experienced by Ms. Mele from causes other than the Hartford Public Schools' actions. You may consider whether Ms. Mele's alleged mental distress was the product of other sources of stress in her life, such as the condition of her health or a death in her family.  If you find that Ms. Mele experienced mental suffering or emotional distress as a result of reasons other than the Hartford Public Schools' actions, you should not award emotional distress damages.  The burden of proving damages with reasonable certainty lies with Ms. Mele.

Finally, I instruct you that if you find that the Hartford Public Schools failed to reasonably accommodate Ms. Mele, but that in so doing, it made a good faith effort to accommodate her, then no compensatory damages may be awarded, with respect to any failure to reasonably accommodate claim by Ms. Mele.[4]

Nominal Damages

After considering all of the evidence introduced in this case, you may find that the Hartford Public Schools intentionally violated the discrimination laws but that Ms. Mele has not proven that she suffered any compensable injury as a result of such actions.  If you make such a finding, you are entitled to find in favor of Ms. Mele and award her nominal damages. In fact, unless Ms. Mele proves by a preponderance of the evidence that the Hartford Public Schools proximately caused her an actual injury, you may not award her anything more than nominal damages.  Typically, nominal damages are awarded in the amount of $1.

---

[4]     42 U.S.C. 1981(a)(3)

You may not award both nominal damages and compensatory damages.  Thus, if you find that Ms. Mele is entitled to compensatory damages, you may not award her nominal damages.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 21


## NO DUPLICATION OF DAMAGES

If you have determined that Ms. Mele is entitled to damages on any of her claims for

relief in this case, I instruct you that she may not recover twice for the same injury.[5]

Accordingly, if you find that Ms. Mele is entitled to a verdict under more than one of her

claims, you may not compensate her twice for any back pay loss or emotional distress that she

may have suffered.

---

[5]     Bender v. City of New York, 78 F.3d 787, 1996 U.S. App. LEXIS 3726 (2d Cir. 1996); Earvin v. Warner Jenkinson Co., 67 FEP Cases 481, 482 (E.D. Mo. 1995); Bradshaw v. Univ. of Maine System, 66 FEP Cases 806, 807 (D. Me. 1994); Kilduff v. Adams, Inc., 219 Conn. 314, 333 (1991); Peck v. Jacquemin, 196 Conn. 53, 70 n.19 (1985).

## **DEFENDANT'S PROPOSED VERDICT FORM**

1.     Did plaintiff prove by a preponderance of the evidence that she is a qualified individual with a disability who can perform the essential functions of her position with or without reasonable accommodation?

Yes     _____

No     _____

2.     Did plaintiff prove by a preponderance of the evidence that the Hartford Public Schools failed to provide a reasonable accommodation to her disability?

Yes     _____

No     _____

3.     Did the Hartford Public Schools prove by a preponderance of the evidence that the accommodations requested by the plaintiff would have been an undue hardship?

Yes     _____

No     _____

4.    Did the Hartford Public Schools prove by a preponderance of the evidence that, even if it failed to reasonably accommodate plaintiff, it nevertheless conferred with her and made a good-faith effort to reasonable accommodate her?

        Yes    _____

        No    _____

5.    Has plaintiff proven, by a preponderance of the evidence, that the harassment she alleges was based on her disability <u>and</u> was sufficiently severe and pervasive to alter the conditions of her employment and create an abusive work environment?

        Yes    _____

        No    _____

6.    Has plaintiff proven by a preponderance of the evidence that the Hartford Public Schools unlawfully retaliated against her because she opposed unlawful disability discrimination or filed a claim of disability discrimination?

        Yes    _____

        No    _____

7.    Damages

    a.    What, if any, back pay damages do you award to plaintiff?

_____

b.      What, if any, compensatory damages do you award to plaintiff for

emotional distress?  (Note:  you may not award plaintiff compensatory

damages for her reasonable accommodation claim if you answered "yes"

to question 4).

_____

c.      What, if any, nominal damages do you award to the plaintiff?  (Note:

you may not award plaintiff damages for both b and c).

_____

15716